Petition
for Writ of Mandamus Conditionally Granted in Part and Denied in Part and Memorandum
Opinion filed April 27, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00876-CV



 

In Re Liberty Mutual Fire Insurance Company and
Thomas G. Habben, Relators



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM OPINION


Relators, Liberty Mutual Fire Insurance Company and
Thomas G. Habben (collectively “Liberty Mutual”) filed a petition for writ of mandamus
, asking this Court to compel the Honorable R.K. Sandill, presiding judge of
the 127th District Court of Harris County, to set aside the portion of his
October 12, 2009 order in which he granted, in part, the motion to compel
depositions and motion to compel discovery responses, directing Liberty Mutual to
respond to written discovery on all extra-contractual causes of action.  See
Tex. Gov’t Code Ann. §22.221 (Vernon 2004); see also Tex. R. App. P.
52.  Liberty Mutual further requests that we compel the trial court to grant its
plea in abatement.  We conditionally grant the petition in part and deny it in
part.

Background

            On
January 17, 2009, a residential fire took the lives of Mary and Wayne Hurt, who
owned the home.  Real party in interest, Nathan Hurt, as Independent
Administrator of the Estate of Mary Ann Hurt and the Estate of R. Wayne Hurt
(“Hurt”), filed a claim with the insurer, Liberty Mutual, for the destruction
of the home and its contents.  The policy provides up to $1,000,000 for the
dwelling and $600,000 for its contents.  On March 27, 2009, Liberty Mutual
issued payment on the undisputed portion of the claim pertaining to the
dwelling’s actual cash value in the amount of $397,978, which is the cost to
repair the dwelling ($565,745.06) less the deductible ($10,000) and less
depreciation that the Estates may recover when repairs are complete
($160,820.16).  Hurt contended that it was a total loss and demanded the policy
limits.  On April 2, 2009, Liberty Mutual invoked the appraisal clause found in
the policy.  

            On
April 13, 2009, Hurt requested a 30-day extension to designate an appraiser to
represent his interests.  On April 15, 2009, Liberty Mutual agreed to the
requested extension.  Hurt, however, did not designate an appraiser within the
extended time.  

            On
May 27, 2009, Hurt filed suit against Liberty Mutual, alleging that it had
wrongfully denied Hurt’s claims for property repairs and underpaid some of the
claims by not providing full coverage and by underestimating damages.  Hurt
brought claims for violations of the Texas Insurance Code, breach of contract,
breach of the duty of good faith and fair dealing, violations of the Texas
Deceptive Trade Practices Act (“DTPA”), and fraud.  Also, by letter dated May
27, 2009, Hurt’s counsel sent Liberty Mutual notice of representation and demand
for payment of $1,606,762 pursuant to the Texas Insurance Code and the DTPA.  Hurt
further stated that he would not participate in the appraisal. 

            On
June 26, 2009, Liberty filed a verified plea in abatement, asserting that Hurt
had not provided either timely or adequate pre-suit notification in accordance
with the Texas Insurance Code and the DTPA and, subject to the plea in
abatement, its motion to compel appraisal, motion to compel arbitration,
original answer, verified denials, affirmative defenses, and special
exceptions.  On August 3, 2009, Liberty Mutual filed a second motion to compel
appraisal, and set it for a hearing on September 11, 2009.  On August 6, 2009,
Hurt served notices for the depositions of Thomas Habben and a Liberty Mutual
corporate representative and requests for documents.  On August 10, 2009,
Liberty Mutual moved to quash the deposition notices and requests for documents,
arguing that the case should be abated (1) for failure to comply with policy’s
appraisal provision, and (2) for failure to provide the notice required under
the Texas Insurance Code and the DTPA.  On August 21, 2009, Hurt filed a motion
to compel the depositions and the discovery responses, and a motion to continue
the September 11, 2009 hearing.  Hurt argued that Liberty Mutual’s breach of
the policy negated any ability to rely on the provisions of the same policy and
its own dilatory conduct waived any right to invoke the appraisal process.  

            On
August 28, 2009, the trial court heard the motions to compel discovery and
depositions.  On September 10, 2009, Hurt filed a response to the motion to
compel appraisal.  In addition to reiterating previously raised arguments, Hurt
asserted that discovery was necessary to the determination of whether Liberty
Mutual had waived any right to appraisal.  On September 10, 2009, the trial
court granted Hurt’s motion to compel depositions and motion to compel discovery
responses, directing that Liberty Mutual respond to written discovery and
provide possible deposition dates within 20 days of the date of the order.  In
that same order, the trial court also granted Liberty Mutual’s motion to compel
appraisal, and ordered completion of the appraisal process no later than
October 16, 2009.  

            On
September 17, 2009, Liberty Mutual filed a motion for reconsideration, or in
the alternative, clarification of the September 10 order.  Liberty Mutual
asserted that the case was still subject to the automatic stay because of
improper and inadequate notice under the Texas Insurance Code and the DTPA, and
that appraisal is a condition precedent to bringing suit.  

            On
September 28, 2009, Liberty Mutual filed an expedited motion for protection and
to stay discovery pending a ruling on its motion to reconsider.  On October 5,
2009, Hurt filed a motion for contempt against Liberty Mutual pursuant to Rules
215.2 and 215.3 of the Texas Rules of Civil Procedure, contending that Liberty
Mutual had failed to comply with the September 10, 2009 order by failing to
respond to discovery requests and provide possible deposition dates within 20
days of that order.  

            On
October 7, 2009, the trial court denied Liberty Mutual’s motion for
reconsideration.[1] 
On October 8, 2009, Liberty Mutual filed a motion to stay all activity in the
case, until 10 days after a ruling on the petition for writ of mandamus that it
intended to file.  

            On
October 12, 2009, the trial court signed an amended order on Hurt’s motion to
compel discovery, granting in part Hurt’s motions to compel depositions and
compel discovery responses, and directing that Liberty Mutual respond to
written discovery regarding all extra-contractual causes of action and provide
possible deposition dates by October 16, 2009.  The trial court further granted
the motion to compel appraisal, requiring completion of the appraisal process
no later than October 16, 2009.  On October 15, 2009, Liberty Mutual wrote the
trial court advising it of the status of the appraisal, specifically that the
appraisers could not meet until after October 16, and the parties could not meet
the October 16, 2009 deadline.  Thereafter, Liberty Mutual filed this petition
for writ of mandamus.  

Standard of Review

            To
be entitled to the extraordinary relief of a writ of mandamus, the relator must
show that the trial court clearly abused its discretion and there is no
adequate remedy by appeal.  In re Gulf Exploration, LLC, 289 S.W.3d 836,
842 (Tex. 2009) (orig. proceeding).  A trial court abuses its discretion if it
reaches a decision so arbitrary and unreasonable as to constitute a clear and
prejudicial error of law, or it clearly fails to correctly analyze or apply the
law.  In re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex.
2005) (orig. proceeding) (per curiam); Walker v. Packer, 827 S.W.2d 833,
839 (Tex. 1992) (orig. proceeding).  In reviewing whether appeal is an adequate
remedy, we consider whether the benefits of mandamus review outweigh the
detriments.  In re BP Prods. N. Am., Inc., 244 S.W.3d 840, 845 (Tex.
2008) (orig. proceeding).  

Appraisal Process

            Liberty
Mutual contends that the trial court erred in denying its motion to abate the
case pending the completion of the appraisal process because, under the insurance
policy, appraisal is a condition precedent to bringing suit.  On March 30,
2010, the appraisal umpire informed the parties of her decision with regard to
the appraisal.  Therefore, in light of the completion of the appraisal process,
Liberty Mutual’s request for relief is moot.  

Notice Pursuant to the DTPA and Insurance Code

            Liberty
Mutual contends that the trial court erred in denying the plea in abatement
because the Insurance Code and the DTPA require abatement.  Liberty Mutual
argues that Hurt’s causes of action are abated for 60 days after he has given
proper notice pursuant to the Texas Insurance Code and the DTPA.[2] 


            Under
the DTPA, a plaintiff must give written notice to the defendant at least 60
days before filing suit.  Tex. Bus. & Com. Code Ann. § 17.505(a) (Vernon
2002).  A defendant who does not receive written notice before being sued may
file a plea in abatement not later than the 30th day after filing an original
answer.  Id. § 17.505(c).  Abatement is mandatory if, after hearing, the
trial court finds that a party entitled to notice did not receive it.  Id.
§ 17.505(d).  Unless the plaintiff controverts the plea by filing an affidavit
before the 11th day after the filing of the plea, the abatement is automatic
beginning on the 11th day after the plea is filed, provided the plea in
abatement is verified and alleges that the defendant did not receive the
required written notice.  Id.  An abatement continues until the 60th day
after that written notice is served in compliance with subsection (a).  Id.
§ 17.505(e).  The purpose of the 60-day notice requirement is to “‘discourage
litigation and encourage settlements of consumer complaints.’”  Hines v.
Hash, 843 S.W.2d 464, 468 (Tex. 1992) (quoting Jim Walter Homes, Inc. v.
Valencia, 690 S.W.2d 239, 242 (Tex. 1985)).  

            Similarly,
under the Texas Insurance Code, “[a] person seeking damages in an action
against another person under this subchapter must provide written notice to the
other person not later than the 61st day before the date the action is filed.” 
Tex. Ins. Code Ann. § 541.154(a) (Vernon 2009).  A person who does not receive
presuit notice may file a plea in abatement not later than the 30th day after
the date the person files an original answer.  Id. § 541.155(a).  The
court shall abate the action if, after a hearing, the court finds that the
person is entitled to an abatement because the claimant did not provide the
required notice.  Id. § 541.155(b).  Abatement of the action is
automatic, beginning on the 11th day after the date the plea in abatement is
filed, if the plea is verified, alleges that the defendant did not receive the
required notice, and is not controverted.  Id. § 541.155(c).  The
abatement continues until the 60th day after the date the requisite notice is
provided.  Id. § 541,155(d).  

            Hurt’s
notice letter is dated May 27, 2009—the same day he filed suit against Liberty
Mutual.  On June 16, 2009, Liberty Mutual filed its verified plea in abatement,
averring that Hurt did not provide timely and adequate notice under the
Insurance Code and the DTPA.  Hurt did not file a verified response to the plea
in abatement.  

            A
DTPA notice letter must advise the defendant in reasonable detail of (1) the
consumer’s specific complaint, and (2) the amount of economic damages, damages
for mental anguish, and expenses, including attorney’s fees, if any, reasonably
incurred by the consumer in asserting the claim against the defendant.  Tex.
Bus. & Com. Code Ann. § 17.505(a).  Similarly, the Texas Insurance Code
requires that the notice must advise the other person of (1) the specific
complaint, and (2) the amount of actual damages and expenses, including
attorney’s fees reasonably incurred in asserting the claim against the other
person.  Tex. Ins. Code Ann. § 541.154(b). 

            Hurt’s
two-page notice letter states, in relevant part:  

            While our investigation is still undergoing
[sic], it appears that Liberty Mutual Fire Insurance Company (“Liberty Mutual”)
is in violation of the Texas Insurance Code Section 541.01 et seq. (Unfair
Competition and Practices) and Texas Business and Commerce Code Section 17.46
et seq. (Texas Deceptive Trade Practices-Consumer Protection Act), and that you
have breached the terms of the insurance contract of insurance [sic] with our
client’s decedents, Mary Ann and R. Wayne Hurt.  Adjusters employed by your
company appear to have violated the Texas Insurance Code with respect to their
own acts and omissions in the handling of the Hurt Estates’ claims.  Because of
these violations of law, Mr. Hurt, as Independent Administrator of the Estate
of Mary Ann Hurt and of the Estate of R. Wayne Hurt[,] has sustained and
continues to sustain significant damages, including but not limited to property
damage, diminution of property value, mental anguish, attorney fees and other
consequential damages.

Hurt’s
notice letter further states the amount of damage to the property and its
contents is for the policy limits and makes demand for $1,205,075.10, i.e., the
difference between Liberty Mutual’s alleged underpayment and the policy
limits.  Hurt also demands attorney’s fees in the amount of $401,687.68.  

            In
Richardson v. Foster & Sear, L.L.P., the Fort Worth Court of Appeals
explained that the notice letter in that case was sufficient:  

            Richardson’s March 5 letter, while not a model
of clarity and eloquence, states in enough detail for this court—knowing
nothing of his claims and allegations except what he asserted in his letter—to
grasp the basis of his complaints against Foster & Sear, namely, that after
agreeing to represent his interests in whatever claims his deceased father had
for asbestos exposure, they settled those claims without his permission and
refused to divulge his share of the settlement proceeds.  As for damages,
Richardson specifically states that he seeks $50,000 in settlement of his claim
that Foster & Sear deprived him of $89,800 in settlement proceeds and his
associated mental anguish.  He further states that $250,000 “would be
considered fair and reasonable” compensation for his claims for “negligence,
professional negligence, misrepresentation, breach of warranty, breach of
fiduciary duty, breach of contract,” and his DTPA claims and associated mental
anguish.  He also asserts that Foster & Sear failed to advise him “of the
limitations on representation of the client, i.e., that attorney’s undertaking
the case did not extend to representing the client, survivor, [and]
beneficiary,” for which Richardson seeks $200,000.  He summarized his claims
with a demand for “[a] total of $500,000 for all combined legal injuries
sustained, that constituted Deceptive Trade Practices.”

257
S.W.3d 782, 786 (Tex. App.—Fort Worth 2008, no pet.) (footnote omitted).  

            Hurt’s
notice letter falls short of the notice letter in Richardson, which,
“while not a model of clarity,” gave sufficient notice the claims alleged.  See
id.  Hurt’s letter merely alleges that Liberty Mutual is in violation of the
Insurance Code and the DTPA, that it breached the terms of the insurance
contract, Liberty Mutual’s adjusters have violated the Insurance Code by their
own acts and omissions, and Hurt has sustained and continues to sustain
damages, including property damage, diminution of property value, mental
anguish, attorney’s fees, and other consequential damages.  Hurt does not provide
specific factual allegations supporting his causes of actions for Insurance
Code and DTPA violations by Liberty Mutual and its adjusters.  Hurt also does
not specify the damages sustained due to Liberty Mutual’s actions.  Finally, Hurt
does not specify the amount of damages for mental anguish.  Thus, Hurt’s letter
does not state “in enough detail for this court—knowing nothing of his claims
and allegations except what he asserted in his letter—to grasp the basis of his
complaints against” Liberty Mutual.  See id.; see also Boone v.
Safeco Insurance Company, No. H-09-1613, 2009 WL 3063320, at *3 (S.D. Tex.
Sept. 22, 2009) (holding notice letter was insufficient under Insurance Code because
it contained no factual information about cause of action, but merely “parroted
the Texas Insurance Code violations”).[3] 


            We
hold that Hurt’s notice letter does not provide the requisite notice under the
Insurance Code and the DTPA.  Therefore, the trial court abused its discretion
by not granting Liberty Mutual’s plea in abatement.  See Am. Online, Inc. v.
Williams, 958 S.W.2d 268, 271 (Tex. App.—Houston [14th Dist.] 1997, no
pet.) (citing Hines, 843 S.W.2d at 469) (“When a plaintiff fails to give
a statutory notice that is a prerequisite to filing suit and a defendant’s
timely request for an abatement is denied, that defendant is entitled to seek
review of the court's denial by mandamus.”); In re Hodge, No.
09-05-399-CV, 2006 WL 137428, at *2 (Tex. App.—Beaumont Jan. 19, 2006, orig.
proceeding) (mem. op.) (granting mandamus relief and holding trial court abused
discretion by denying plea in abatement where plaintiff failed to provide
requisite notice under DTPA).  Moreover, Liberty Mutual does not have an
adequate remedy by appeal and is entitled to mandamus relief.  See Perry v.
Del Rio, 66 S.W.3d 239, 257 (Tex. 2001) (orig. proceeding) (explaining that
appellate remedy is inadequate, justifying mandamus relief, when parties stand
to lose their substantial rights); Hines, 843 S.W.2d at 468 (stating
that, if trial court denies timely plea in abatement by DTPA defendant
complaining of plaintiff’s failure to give required notice, defendant is
entitled to seek mandamus relief); Williams, 958 S.W.2d at 271 (same as Hines);
In re Hodge, 2006 WL 137428, at *2 (granting mandamus relief as to trial
court’s denial of plea in abatement where plaintiff failed to provide requisite
notice under DTPA).  

 

 

Conclusion

            We
hold the trial court abused its discretion by denying Liberty Mutual’s plea in
abatement because Hurt’s notice is not sufficient under the Texas Insurance Code
and the DTPA.  Accordingly, we conditionally grant the petition for writ of
mandamus in part and direct the trial court to grant Liberty Mutual’s plea in
abatement.  The petition is denied in part as moot with respect to the trial
court’s failure to abate the case pending completion of the appraisal process.  The
writ will issue only if the trial court fails to act in accordance with this
opinion.  We lift the stay issued on October 16, 2009.[4] 


 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Anderson and Frost.

 









[1] The
trial court did not abate the case despite Liberty Mutual’s requests for
abatement. 





[2] At the
time Liberty Mutual filed its petition for writ of mandamus, there was no
specific written order or a record of an oral ruling in the mandamus record
denying its plea in abatement for failure to provide the required notice under
the Insurance Code and the DTPA.  However, at a hearing on November 13, 2009,
the trial court stated with regard to its ruling on Liberty Mutual’s plea in
abatement:

I thought I ruled on that by
allowing you to move forward, but if I need to explicitly rule on it, someone
wants to give me an order, I will sign it.  My intention was the fact that I
allowed things to go forward meant that I ruled on it.

Apparently, the trial court did not sign a written
order regarding the sufficiency of Hurt’s notice under the Insurance Code and
the DTPA at the November 13, 2009 hearing.  However, an oral ruling is
sufficient if it is shown in the reporter’s record.  In re Bill Heard
Chevrolet, Ltd., 209 S.W.3d 311, 314 (Tex. App.—Houston [1st Dist.] 2006,
orig. proceeding); In re Vernor, 94 S.W.3d 201, 206 n.8 (Tex.
App.—Austin 2002, orig. proceeding).  We conclude that the above statement by
the trial court is sufficient to show that the trial court denied Liberty
Mutual’s plea in abatement.  





[3]  The
letter in Boone alleged that the defendants were liable for
misrepresenting and/or failing to discuss pertinent facts or policy provisions
relating to coverage as an issue; failing to acknowledge with reasonable
promptness, pertinent communications with respect to the claim arising under
its policy; failing to adopt reasonable standards for prompt investigation of
the claim arising under its policy; not attempting in good faith to effectuate
prompt, fair and equitable settlement of the claim submitted in which liability
had become reasonably clear; failing to provide promptly to a policyholder a
reasonable explanation of the basis in the insurance policy, in relation to the
facts or applicable law for denial of the claim or for the offer of a
compromise settlement; failing to affirm or deny coverage of a claim to a
policyholder within a reasonable time after proof of loss statements had been
completed; and refusing to pay the claims without conducting a reasonable
investigation. See Boone, 2009 WL 3063320, at *3.  





[4] Alleging
that Liberty Mutual’s petition for writ of mandamus is groundless, Hurt
requests attorney’s fees as appellate sanctions under Rule 52.11 of the Texas
Rules of Appellate Procedure.  See Tex. R. App. P. 52.11.  In light of
our granting Liberty Mutual mandamus relief with respect to the trial court’s
failure to grant the plea in abatement, it is not necessary to address Hurt’s
request for appellate sanctions.