## JIM MISSOURI v. THE STATE.

No. 11930.   Delivered June 13, 1928.

The opinion states the case.

*Heidingsfelder, Kahn & Branch* of Houston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment confinement in the penitentiary for two years.

Appellant challenges the sufficiency of the evidence.

The barn of Mr. Pitts was burglarized at about 2 a. m. Hearing a noise the injured party went to his barn and found that the door

had been torn off. A horse belonging to appellant was found unsaddled and tied to a fence about two hundred feet from the burglarized barn. Bloodhounds were brought to the barn and from there took a trail which led to appellant's house. ·Appellant was at home when the dogs stopped at his place. His shoes were on the gallery. Although appellant stepped out on the gallery when the dogs reached the house, the dogs made no demonstration showing that they recognized appellant. Appellant's wife and a nephew, who was about 17 years old, lived in appellant's home. A horse belonging to Tony Gamble was also found tied near the barn. It is not shown where Gamble lived relative to appellant's home. Gamble testified that he did not tie his horse in the vicinity of the barn. Neither does the record show who tied appellant's horse at the point where it was found. No property belonging to the injured party was found in the possession of appellant. Appellant and his witnesses testified that he was at home at the time the offense was committed.

As we understand the record, the state relied upon two circumstances to connect appellant with the commission of the offense; first, that a horse belonging to appellant was found near the burglarized barn; second, that the· bloodhounds took a trail from the barn which led to appellant's house. There is nothing in the record to indicate that appellant tied his horse near the barn. As far as the record is concerned, appellant's nephew or some other person could have taken the animal to the burglarized premises. As to the second circumstance, the bloodhounds made no demonstration on reaching appellant's house, although appellant was in their view when they stopped. There is nothing to indicate that they had been trailing appellant. His nephew lived in the same house, and the conclusion that the dogs were trailing him is as reasonable as the conclusion that they were trailing appellant. At most, the circumstances relied upon by the state cast a strong suspicion upon appellant and show a mere probability that he committed the offense. The evidence shows as strong a case against another as it does against appellant, and there is no proof that appellant acted with the other in the commission of the offense. The circumstances relied upon by the. state wholly fail to exclude every other reasonable hypothesis except that of appellant's guilt. This court will not sustain a conviction based on circumstantial evidence where the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused. Proof which only amounts to a

strong suspicion or a mere probability is not sufficient to support a conviction.  Branch's Annotated Penal Code, Section 1877.

Believing that the evidence is insufficient to support the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.