

# NUMBER 13-11-00248-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### IN RE CYPRESS TEXAS LLOYDS

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez, and Perkes
### Memorandum Opinion by Justice Perkes[1]

By petition for writ of mandamus, relator, Cypress Texas Lloyds ("Cypress"), seeks to compel the trial court to withdraw its order denying Cypress's motion to abate the underlying litigation and to require the real parties in interest, Jose and Irma Vargas (collectively "the Vargas family"), to provide presuit notice in compliance with the Texas

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Insurance Code and to require them to submit to examinations under oath.[2] We deny the petition for writ of mandamus.[3]

## I. BACKGROUND

Hurricane Dolly struck the Rio Grande Valley on July 23, 2008. After the hurricane, the Vargas family saw some minor damage to their home. Following another storm in August 2009, the Vargas family saw evidence of water leaks in the sheetrock and cracks in the floor and walls. At the time of these events, the Vargas family had homeowner's insurance through a policy issued by Cypress. The Vargas family filed an insurance claim regarding the property damage. After an inspection, Cypress denied the Vargas family's claim for damages pertaining to Hurricane Dolly and the August 2009 storm. The Vargas family sent Cypress written notice of their claims and filed suit against Cypress three days later. Cypress filed its answer to the lawsuit and, one month later, filed a verified motion to abate the suit on grounds that the Vargas family had failed to timely send notice of the lawsuit or to submit to an examination under oath.

The trial court held a hearing on Cypress's motion for abatement. At the hearing, Cypress requested the trial court to take judicial notice of the petition and answer and the dates that these pleadings were filed. The trial court granted Cypress's request. The trial court denied Cypress's motion to abate, and this original proceeding ensued.

---

[2] This original proceeding arises from trial court cause number C-2182-10-B, styled *Jose and Irma Vargas v. Cypress Texas Lloyds, Crawford & Company, and Samuel M. Golden*, currently pending in the 93rd District Court of Hidalgo County, Texas. The respondent is the Honorable Rudy Delgado.

[3] We are likewise denying two separate original proceedings filed by Cypress which raise identical legal issues and which are based on substantially similar facts. *See In re Cypress Tex. Lloyds*, No. 13-11-00070-CV, 2011 Tex. App. LEXIS ___ (Tex. App.—Corpus Christi [date], orig. proceeding), *available at* http://www.13thcoa.courts.state.tx.us/opinions/docketsrch.asp; *In re Cypress Tex. Lloyds*, No. 13-11-00107-CV, 2011 Tex. App. LEXIS ___ (Tex. App.—Corpus Christi [date], orig. proceeding) (mem. op.), *available at* http://www.13thcoa.courts.state.tx.us/opinions/docketsrch.asp.

2

By two issues, Cypress contends that the trial court erred in refusing to abate the case because (1) the Vargas family failed to provide the presuit notice required by the Texas Insurance Code, and (2) the Vargas family failed to submit to examinations under oath as required by their homeowner's insurance policy. In response, the Vargas family asserts, inter alia, that they gave proper and sufficient notice to Cypress on July 16, 2010, and therefore Cypress's request for abatement is moot. The Vargas family further asserts that Cypress failed to request the examinations under oath prior to making its claims decision, suit has now been filed, and Cypress could obtain the same information by taking their depositions.[4]

## II. STANDARD OF REVIEW

Mandamus is an "extraordinary" remedy. *In re Sw. Bell Tel. Co.*, *L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). To obtain mandamus relief, the relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *see In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). To satisfy the clear abuse of discretion standard, the relator must show that the trial court could "reasonably have reached only

---

[4] We note that Cypress had requested and received a motion for extension of time to file a reply brief in this matter; however, we withdraw that ruling as improvidently granted and herein deny the motion for extension of time.

one decision." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (quoting *Walker*, 827 S.W.2d at 840).

Historically, mandamus was treated as an extraordinary writ that would issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Walker*, 827 S.W.2d at 840. Now, whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of the costs and benefits of interlocutory review. *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d at 462. Sometimes, "[a]n appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. According to the Texas Supreme Court:

> Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

*Id.*

When a claimant fails to give a statutory notice that is a prerequisite to filing suit and the trial court denies the defendant's timely request for abatement, that defendant is entitled to seek review of the court's denial by mandamus. *See Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992) (concluding there is no adequate remedy by appeal for the failure to give statutory notice under the Texas Deceptive Trade Practices Act)[5]; *Am.*

---

[5] Both the Texas Insurance Code and the Texas Deceptive Trade Practices Act require a plaintiff to give sixty days' notice to a defendant before filing suit. *See* TEX. INS. CODE ANN. § 541.154(a) (West 2009); TEX. BUS. & COM. CODE ANN. § 17.505(a) (West 2011). The purpose of the requirement is the same under both statutes. *Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.*, No. Civ. A. SA-05-CA0433, 2005 U.S. Dist. LEXIS 13494, at *3 (W. D. Tex. June 30, 2005) (citing *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992)). If a person against whom an action under these statutes is brought does not receive the required pre-filing notice, he or she may file a plea in abatement no later than thirty days

*Online, Inc. v. Williams*, 958 S.W.2d 268, 271 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (same); *see also In re Liberty Mut. Fire Ins. Co.*, No. 14-09-00876-CV, 2010 Tex. App. LEXIS 3063, at **16–17 (Tex. App.—Houston [14th Dist.] Apr. 27, 2010, orig. proceeding) (mem. op.) (concluding there is no adequate remedy by appeal for the failure to give statutory notice under the Texas Insurance Code); *In re Behr*, No. 04-05-00895-CV, 2006 Tex. App. LEXIS 1588, at *7 (Tex. App.—San Antonio Mar. 1, 2006, orig. proceeding) (mem. op.) (same). Similarly, when an insured fails to give a required examination under oath, the trial court's refusal to allow abatement is reviewable by mandamus. *In re Foremost County Mut. Ins. Co.*, 172 S.W.3d 128, 136 (Tex. App.—Beaumont 2005, orig. proceeding) (granting mandamus relief on grounds that the trial court had no discretion to deny abatement to allow an examination under oath and that relator had no adequate remedy on appeal).

## III. EQUITABLE PRINCIPLES

As an initial matter, we address the Vargas family's contention that equitable principles bar our consideration of this petition for writ of mandamus. The Vargas family argues that Cypress waited approximately sixty days after receiving their notice to request abatement of the lawsuit, and waited an additional one hundred and forty-eight days from the date the trial court denied the plea in abatement to file this petition for writ of mandamus.

---

after the date he or she files an original answer in the court in which the action is pending. *See* TEX. INS. CODE ANN. § 541.155(a) (West 2009); TEX. BUS. & COM. CODE ANN. § 17.505(c) (West 2011). A court must abate the action if it finds that the claimant did not provide the required pre-filing notice. *See* TEX. INS. CODE ANN. § 541.155(b); TEX. BUS. & COM. CODE ANN. § 17.505(d). The abatement will run until the sixtieth day after the date the claimant properly provides the pre-filing notice. *See* TEX. INS. CODE ANN. § 541.155(d) (West 2009); TEX. BUS. & COM. CODE ANN. § 17.505(e) (West 2011). Cases involving the DTPA notice provision, which requires the notice to advise the person "in reasonable detail of the consumer's specific complaint," are instructive on whether the requirements of the Texas Insurance Code notice provision have been met. *See Dosekun v. State Farm Lloyds*, No. H-10-4238, 2011 U.S. Dist. LEXIS 67173, at **5–7 n.1 (S.D. Tex. June 23, 2011).

Although mandamus is not an equitable remedy, its issuance is controlled largely by equitable principles. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding) (per curiam). One such principle is that "[e]quity aids the diligent and not those who slumber on their rights." *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding) (quoting *Callahan v. Giles*, 137 Tex. 571, 576, 155 S.W.2d 793, 795 (1941) (orig. proceeding)). To invoke the equitable doctrine of laches, the moving party ordinarily must show an unreasonable delay by the opposing party in asserting its rights and also the moving party's good faith and detrimental change in position because of the delay. *In re Laibe Corp.*, 307 S.W.3d 314, 318 (Tex. 2010) (orig. proceeding); *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 80 (Tex. 1989). Under certain circumstances, a delay in the filing of a petition for writ of mandamus may be justified. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d at 676; *see In re SCI Tex. Funeral Servs., Inc.*, 236 S.W.3d 759, 761 (Tex. 2007) (orig. proceeding) (holding that a delay of slightly less than six months did not constitute laches because the time was required to obtain records of numerous discovery hearings and brief issues for court).

In the instant case, the lawsuit was filed on July 19, 2010. Cypress filed its answer on or about August 16, 2010, and filed its motion to abate on September 15, 2010. The trial court held a hearing on the motion to abate on November 17, 2010. The trial court denied the motion to abate on that same day. Cypress requested the reporter's record of the hearing on the motion to abate approximately two weeks later, although the record was not completed until January 27, 2011. Cypress filed its petition for writ of mandamus on April 18, 2011. Although the Vargas family generally asserts that this delay has resulted in a "detrimental" change in their position and increased

6

costs of litigation, they have offered no specific evidence supporting or explaining this allegation. The Texas Supreme Court has held that a two-month delay in seeking mandamus relief is not necessarily unreasonable. *In re Laibe Corp.*, 307 S.W.3d at 318; *see Strickland v. Lake*, 163 Tex. 445, 357 S.W.2d 383, 384 (Tex. 1962) (orig. proceeding). The Texas Supreme Court has also held that a delay of almost six months is not unreasonable where the relator furnishes sufficient explanations to show that it has not slumbered on its rights. *See In re SCI Texas Funeral Servs., Inc.*, 236 S.W.3d at 761. Based upon the record before us, we similarly conclude that the delay in this case was not unreasonable as a matter of law. We therefore reject the Vargas family's argument that equitable considerations bar our consideration of this petition for writ of mandamus. We now turn to the merits of this original proceeding.

## IV. THE NOTICE REQUIREMENT

Under the Texas Insurance Code, "[a] person seeking damages in an action against another person under this subchapter must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE ANN. § 541.154(a) (West 2009). The notice must advise the recipient of "the specific complaint" and "the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." *Id.* § 541.154(b) (West 2009); *see Richardson v. Foster & Sear, LLP*, 257 S.W.3d 782, 786 (Tex. App.—Ft. Worth 2008, no pet.); *Williams v. Hills Fitness Center, Inc.*, 705 S.W.2d 189, 192–93 (Tex. App.—Texarkana 1985, writ ref'd n.r.e.).

The purpose of the sixty day notice requirement under the Texas Insurance Code is to "discourage litigation and encourage settlements of consumer complaints." *Hines*

7

*v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992) (quoting *Jim Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 242 (Tex. 1985)). Presuit notice provides the opportunity to limit damage exposure through an offer of settlement, as contemplated by sections 541.156 through 541.159 of the Texas Insurance Code. *See* TEX. INS. CODE ANN. §§ 541.156–.159 (West 2009); *see also In re Behr*, 2006 Tex. App. LEXIS 1588, at *7 (stating that "without pre-suit notice, Behr is denied his right to limit his damage exposure through an offer of settlement").

If the policy holder fails to provide the required notice, the Texas Insurance Code allows the defendant insurer to abate further proceedings. The defendant insurer "may file a plea in abatement not later than the 30th day after the date the person files an original answer." TEX. INS. CODE ANN. § 541.155(a) (West 2009). If the plea is verified and alleges that the defendant did not receive the required notice, and the plea is not controverted by an affidavit filed before the eleventh day after the plea in abatement is filed, then abatement of the action is automatic and does not require a court order. *Id.* § 541.155(c) (West 2009). The statute provides that if the plaintiff disputes abatement, "[t]he court shall abate the action if, after a hearing, the court finds that the person is entitled to an abatement because the claimant did not provide the notice as required by section 541.154." *Id.* § 541.155(b) (West 2009). In either case, "[a]n abatement . . . continues until the 60th day after the date notice is provided in compliance with section 541.154." *Id.* § 541.155(d) (West 2009). If the policy holder provides notice for a period shorter than 60 days before filing suit and the suit is automatically abated, a court does not need to "formally grant another sixty-day abatement" if more than 60 days have passed since the policy holder provided notice. *See In re Alford Chevrolet–Geo*, 997

8

S.W.2d 173, 178 (Tex. 1999) (orig. proceeding) (upholding trial court's decision that formal abatement was unnecessary even though the plaintiffs failed to provide notice 60 days before filing their DTPA suit because the suit was automatically abated and "by the time [the trial court] issued its ruling, more than sixty days had passed since Plaintiffs sent their notices"); *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 610 (N.D. Tex. 2006) (same).[6]

Cypress contends that mandamus relief is warranted because the Texas Insurance Code requires presuit notice, and the Vargas family's failure to give presuit notice deprived Cypress of its right to limit its damage exposure through an offer of settlement. In connection with this issue, Cypress contends that mandamus relief is warranted because the Vargas family did not plead and prove that presuit notice was rendered "impracticable" by the impending expiration of the limitations period. Cypress argues that neither the Vargas family's petition nor their untimely notice letter constitutes presuit notice because neither contains the information required by the Texas Insurance Code.

---

[6] In accordance with Texas cases construing the presuit notice requirement in the DTPA, the overwhelming majority of cases construing the presuit notice requirement in the Texas Insurance Code hold that a presuit letter sent after the deadline, or even after suit has been filed, is sufficient to trigger the abatement period. *See, e.g., Encompass Office Solutions, Inc. v. Ingenix, Inc.*, No. 4:10-cv-00096, 2011 U.S. Dist. LEXIS 37916, at *46 (E. D. Tex. Mar. 31, 2011); *Perez v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-5224, 2011 U.S. Dist. LEXIS 22951, at *17 (S.D. Tex. Mar. 8, 2011); *Lewis v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-4950, 2011 U. S. Dist. LEXIS 22948, at *16-17 (S. D. Tex. Mar. 8, 2011); *Carreon v. Allstate Tex. Lloyds*, No. G-11-027, 2011 U. S. Dist. LEXIS 14831, at *2 (S. D. Tex. Feb. 15, 2011); *Ross v. Nationwide Ins. Co.*, No. H-10-4076, 2011 U. S. Dist. LEXIS 69, at *8 (S. D. Tex. Jan. 3, 2011); *Rubio v. Allstate Tex. Lloyd's*, No. H-10-3058, 2010 U.S. Dist. LEXIS, at **5–6 (S. D. Tex. Dec. 16, 2010). Under such circumstances, some courts have denied the motions to abate as moot where late notice was sent but more than sixty days had passed. *Chinese Civil Ctr. v. Catlin Specialty Ins. Co.*, No. H-10-4098, 2011 U. S. Dist. LEXIS 50334, at **5-6 (S. D. Tex. May 11, 2011); *Lopez v. Allstate Tex. Lloyd's*, No. H-10-4685, 2011 U. S. Dist. LEXIS 17540, at *7 (S. D. Tex. Feb. 23, 2011). In contrast, a small minority of courts appear to hold that a demand letter sent after the statutory deadline cannot serve as notice because it is not sent within the statutory period of time. *See, e.g., Little v. Allstate Tex. Lloyd's*, No. 4:10-cv-00939, 2010 U. S. Dist. LEXIS 64412, at *5 (S. D. Tex. June 29, 2010); *Nichols v Nationwide Property & Cas. Ins. Co.*, No. H-10-0824, 2010 U.S. Dist. LEXIS 38914, at *6 (S. D. Tex. Apr. 20, 2010); *Boone v. Safeco Ins. Co. of Ind.*, No. H-09-1613, 2009 U. S. Dist. LEXIS 86646, at **6-7 (S. D. Tex. Sept. 22, 2009).

## A. LIMITATIONS

We first address Cypress's contention that the Vargas family was not excused from complying with the statutory presuit notice requirement by virtue of an impending statute of limitations. The Vargas family argues that the presuit notice requirement was excused because the statute of limitations rendered giving notice impracticable. This argument is premised on one of the statutory exceptions to the presuit notice requirement in the Texas Insurance Code. *See* TEX. INS. CODE ANN. §§ 541.154(c), 541.155(e) (West 2009). Under the statute, notice is "not required" if giving notice is "impracticable" because the action "must be filed to prevent the statute of limitations from expiring," or "is asserted as a counterclaim." *Id.* § 541.154(c) (West 2009). In order to qualify for the exception to the notice requirement because of an impending statute of limitations, a plaintiff must plead and offer some proof that the giving of notice was "rendered impracticable" by the impending expiration of the limitations period. *Winkle Chevy-Oldsmobile-Pontiac, Inc. v. Condon*, 830 S.W.2d 740, 745 (Tex. App.—Corpus Christi 1992, writ dism'd)); *How Ins. Co. v. Patriot Fin. Servs., Inc.*, 786 S.W.2d 533, 538 (Tex. App.—Austin 1990), *overruled on other grounds by Hines*, 843 S.W.2d at 469; *see Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.*, No. Civ. A. SA-05-CA0433, 2005 U.S. Dist. LEXIS 13494, at *3 (W. D. Tex. June 30, 2005).

The Vargas family contends that notice is not required when a party has a "genuine belief" that providing notice is not possible given the possible expiration of the statute of limitations. *See* TEX. INS. CODE ANN. § 541.154(c). The Vargas family argues that the insurance policy underlying this matter requires suit to be filed within two years and one day of the date the cause of action accrues. The Vargas family supports this

10

allegation with the affidavit of Molly K. Bowen.  In response, Cypress asserts that the Vargas family has failed to plead and prove that limitations rendered presuit notice "impracticable."[7]

As stated previously, a plaintiff must plead and offer some proof that the giving of notice was "rendered impracticable" by the impending expiration of the limitations period.  *Winkle Chevy—Oldsmobile—Pontiac, Inc.*, 830 S.W.2d at 745; *How Ins. Co.*, 786 S.W.2d at 538; *see also Perez v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-5224, 2011 U.S. Dist. 22951, at *15–16 (S. D. Tex. Mar. 8, 2011); *Lewis v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-4950, 2011 U. S. Dist. LEXIS 22948, at *16–17 (S. D. Tex. Mar. 8, 2011); *Christopher v. Nationwide Cas. & Prop. Co.*, No. 10-CV-3797, 2011 U. S. Dist. LEXIS 7056, at *6 (S. D. Tex. Jan. 25, 2011).  Based upon the applicable standard, Martinez's assertion of a "genuine belief" that limitations might expire does not constitute the pleading and proof required to establish the statutory limitations exception to the presuit notice requirement.  *See, e.g., Leon v. Allstate Tex. Lloyd's*, No. H-10-3574, 2011 U. S. Dist. LEXIS 60684, at **8–9 (S. D. Tex. June 6, 2011) (holding that the claimant's assertion that the "statute of limitations cannot be precisely determined" was insufficient to show limitations rendered presuit notice impracticable); *Shaheen v. Allstate Tex. Lloyd's*, No. H-10-4580, 2011 U.S. Dist. LEXIS 22944, at *8 (S. D. Tex.

---

[7] We note that some of the materials found in the Vargas family's supplemental mandamus record, including Molly K. Bowen's affidavit, were not presented to the trial court for its consideration.  We will not consider Bowen's affidavit or any other materials that were not submitted to the trial court.  *See In re Nabors*, 276 S.W.3d 190, 194 n.5 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding); *cf. Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered."); *see also In re Sierra Title of Hidalgo Co.*, Nos. 13-10-055-CV & 13-10-099-CV, 2010 Tex. App. LEXIS 1982, at **1-2 (Tex. App.—Corpus Christi Mar. 18, 2010, orig. proceeding) (mem. op.).  We note, however, that the affidavit of Jose Vargas, included in the supplemental record, was filed with the trial court on or about September 24, 2010, as an exhibit to the Vargas family's "Supplemental Response to Defendant Cypress Texas Lloyd's Verified Plea in Abatement."

Mar. 8, 2011) (holding that the claimant's argument that the statute of limitations "cannot be precisely determined" and "limitations may have foreclosed Plaintiffs' claims" did not constitute pleading and proof that limitations rendered presuit notice impracticable); *Ross v. Nationwide Ins. Co.*, No. H-10-4076, 2011 U. S. Dist. LEXIS 69, at *8 (S. D. Tex. Jan. 3, 2011) (holding that the claimant's assertion that determining the statute of limitations was a "moving target" because it depended on different facts, such as when the claim was denied or whether the policy contained a limitations provision, and thus the "safest and most logical bet" was to proceed with suit, did not constitute pleading and proof that limitations rendered presuit notice impracticable); *Balboa v. Allstate Tex. Lloyd's*, No. H-10-3634, 2010 U. S. Dist. LEXIS 136025, at *8 (S. D. Tex. Dec. 23, 2010) (holding that assertions that the statute of limitations could not be precisely determined was not sufficient to show that limitations rendered presuit notice impracticable).

In this case, there is no pleading or proof that the statute of limitations rendered the statutory presuit notice impracticable. Accordingly, we conclude that the limitations exception to the notice requirement did not excuse the Vargas family from providing presuit notice in the instant case.

### B. SUFFICIENCY OF NOTICE

Cypress next argues that neither the Vargas family's petition nor their untimely notice letter suffices to constitute presuit notice under the Texas Insurance Code because neither contains the information required by the Texas Insurance Code. The Vargas family asserts otherwise. As stated previously, the Vargas family sent an untimely notice letter which provides, in relevant part:

12

Our firm represents Jose Vargas and Irma Vargas in connection with the claim for damages to the property located at 600 Makayla Drive, San Juan, Texas 78589. As you are well aware, Mr. and Mrs. Vargas Martinez made a claim against their insurance policy for Hurricane Dolly and/or windstorm related damages. Mr. and Mrs. Vargas' roof and fence sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home and garage including, but not limited to the home's ceilings, walls, insulation, and flooring. Mr. and Mrs. Vargas' home also sustained substantial structural and exterior damage during the storm.

Cypress Texas Lloyds issued the policy to Mr. and Mrs. Vargas. Crawford & Company and Samuel M. Golden adjusted the claim. Golden did not perform a thorough investigation of Mr. and Mrs. Vargas' claim. Goden's unreasonable investigation led, in part, to the denial of the claim. His investigation did not allow adequate funds to cover reapirs to all the damages sustained. As a result, Mr. and Mrs. Vargas have not been able to make necessary repairs to restore the home. Furthermore, the delay in making repairs caused by the unreasonable investigation has caused Mr. and Mrs. Vargas additional damage. To this date, Jose Vargas and Irma Vargas have yet to receive full payment under the insurance policy.

Undoubtedly, you are aware of your liability to our client under the Texas Insurance Code, which specifically covers unfair claims settlement claims. Specifically, you are liable to Mr. and Mrs. Vargas, jointly and individually, for the following violations of the Texas Insurance Code . . . .

The letter further specifies several alleged violations of the Texas Insurance Code and details the Vargas family's claim for damages in the amount of $257,301.00 in economic damages, $50,000.00 in mental anguish damages, and $102,920.40 for expenses including attorney's fees.

The Texas Insurance Code requires that presuit notice include basic information, including the "specific complaint" and the amount of actual damages and expenses sought. TEX. INS. CODE ANN. § 541.154(b)(1), (b)(2). Texas courts interpreting the statute or the similar provision in the Texas Deceptive Trade Practices Act have held that notice letters containing specific factual allegations supporting the causes of action, or at least enough information to imply those facts, satisfies the notice requirement.

13

*See Richardson*, 257 S.W.3d at 788 (stating that the notice requirement under the DTPA sets a "fairly low threshold"); *Lester v. Logan*, 893 S.W.2d 570, 573 (Tex. App.—Corpus Christi 1994, writ denied) (holding that a demand letter constitutes sufficient presuit notice under the DTPA "if it identifies the nature of the consumer's complaint and the various amounts required to make him or her whole"); *Village Mobile Homes, Inc. v. Porter*, 716 S.W.2d 543, 547 (Tex. App.—Austin 1986, writ ref'd n.r.e.) (holding that presuit demand constituted sufficient notice under the DTPA where it itemized the damages necessary to compensate appellee and warned that appellant would file a DTPA cause of action should the defendant refuse to settle because "[a]ppellee is not required . . . to disclose the theory of her cause of action; nor is she required to advise appellant of the particular sections she believes it has violated"); *Williams*, 705 S.W.2d at 191–93 (holding that the plaintiff's four-paragraph notice letter satisfied the notice requirement of the DTPA, even though the allegations were general and the court had to imply the specific facts supporting the cause of action). An informative discussion regarding the former notice provision of the DTPA explains the competing considerations applied by a court in considering whether presuit notice is effective:

> The legislative direction to the courts in Section 17.44 to construe and apply the provisions of the Act in such way as to promote the Act's underlying purposes tempers the provision of Section 17.50A(a) to a requirement that advice as to actual damages and attorney's fees be as accurate and informative as the consumer can reasonably make it under the circumstances of the case. An underlying purpose of Section 17.50A(a) is to encourage settlements by affording a potential defendant an opportunity to limit damages and expense by making a settlement offer. This section confers a valuable right upon a potential defendant which should not be impaired by doubtful construction. Neither should form be allowed to prevail over substance; that is to say, that a harmless failure or deficiency in notice should not be allowed to deprive an injured person from prosecuting a claim. The sufficiency of notice of a specific complaint may properly be determined by looking to facts indisputably

known to the potential defendant. . . . The Center could not have been uncertain or in doubt as to the specific complaint, the injury, the monetary damage, attorney's fees or expense then claimed. The notice letter combined with what was unquestionably known to the Center substantially complied with the purposes and requirements of Section 17.50A(a).

*Williams,* 705 S.W.2d at 193.

In *Richardson v. Foster & Sear, L.L.P.*, the Fort Worth Court of Appeals explained that the notice letter in that case, "while not a model of clarity and eloquence," stated in enough detail "for this court—knowing nothing of [the] claims and allegations except what [is] asserted in [the] letter—to grasp the basis of [the] complaints against Foster & Sear." 257 S.W.3d at 786. The gravamen of the notice letter included the factual allegations that, after agreeing to represent the claimant's interests in whatever claims his deceased father had for asbestos exposure, the defendants settled those claims without the claimant's permission and refused to divulge his share of the settlement proceeds. *Id.* The claimant included specific damage demands and included specific causes of action. *Id.*

Cypress contends, citing *Boone v. Safeco Insurance Company of Indiana*, No. H-09-1613, 2009 U. S. Dist. LEXIS 86646 (S. D. Tex. Sept. 22, 2009) and *In re Liberty Mutual Fire Insurance Company*, 2010 Tex. App. LEXIS 3063, that Martinez's letter "utilizes the exact same language" and is "VERBATIM" the same language found by the Southern District of Texas and the Fourteenth Court of Appeals to be "deficient." In *Liberty Mutual Fire Insurance Company*, the two-page notice letter states, in relevant part:

While our investigation is still undergoing [sic], it appears that Liberty Mutual Fire Insurance Company ("Liberty Mutual") is in violation of the Texas Insurance Code Section 541.001 et seq. (Unfair Competition and Practices) and Texas Business and Commerce Code Section 17.46 et

15

seq. (Texas Deceptive Trade Practices–Consumer Protection Act), and that you have breached the terms of the insurance contract of insurance [sic] with our client's decedents, Mary Ann and R. Wayne Hurt. Adjusters employed by your company appear to have violated the Texas Insurance Code with respect to their own acts and omissions in the handling of the Hurt Estates' claims. Because of these violations of law, Mr. Hurt, as Independent Administrator of the Estate of Mary Ann Hurt and of the Estate of R. Wayne Hurt[,] has sustained and continues to sustain significant damages, including but not limited to property damage, diminution of property value, mental anguish, attorney fees and other consequential damages.

2010 Tex. App. LEXIS 3063, at **11–12 (considering the sufficiency of notice under the DTPA and Texas Insurance Code). The Fourteenth Court of Appeals noted that the notice letter specified monetary damages in an amount representing the difference between Liberty Mutual's alleged underpayment and the policy limits. *Id.* at *12. The letter also sought attorney's fees in the amount of $401,687.68. *Id.* The court stated that this letter could not serve as presuit notice because it did not include any specific factual allegations supporting the causes of actions, did not specify the specific damages sustained due to Liberty Mutual's actions, and did not specify the amount of damages the plaintiff sought for mental anguish. *Id.* at *14. In summary, the court concluded that the letter did not include enough detail for the court, knowing nothing of the plaintiff's claims and allegations except what he asserted in his letter, to grasp the basis of his complaints. *Id.* at **14–15.

In *Boone v. Safeco Insurance Company*, the United States District Court likewise found a presuit notice insufficient:

The Boones' April 24, 2009 notice letter to Safeco contains no factual information about the cause of action. . . The letter is very general. It states that the Boones did not receive full payment under the insurance policy and that Safeco and its adjuster, George Echols, were liable for "misrepresenting and/or failing to discuss with Donna Boone and Dennis K. Boone pertinent facts or policy provisions relating to coverage as an

16

issue"; for "failing to acknowledge with reasonable promptness, pertinent communications with respect to the claim arising under its policy"; "failing to adopt reasonable standards for prompt investigation of the claim arising under its policy";"not attempting in good faith to effectuate prompt, fair and equitable settlement of the claim submitted in which liability has become reasonably clear"; "failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law for denial of the claim or for the offer of a compromise settlement"; "failing to affirm or deny coverage of claim to a policyholder within a reasonable time after proof of loss statements have been completed"; and "refusing to pay the claims without conducting a reasonable investigation based upon all available information" . . . The letter parroted the Texas Insurance Code violations.  Although it did identify the damages sought—$ 1,427,643.00 in economic damages, $ 50,000 in mental anguish damages, and $ 542,547.67 in expenses and attorneys' fees—the letter did not identify the facts or provide any basis for the court to imply the facts.  The letter was not sufficient notice under Section 541.154(b) of the Texas Insurance Code and did not trigger the 60-day abatement period.

2009 U. S. Dist. LEXIS 86646 at **8–10.

As an initial matter, and based on the foregoing excerpts, we cannot agree with Cypress that the letter in this case is exactly analogous to the letter in *Liberty Mutual* or the letter in *Boone.* We note that the requirements for sufficiency of the presuit notice have been extensively litigated, and the majority of cases apply a very low threshold for the presuit notice requirements. *Compare Perez*, 2011 U.S. Dist. LEXIS 22951, at *15–16 (holding notice was sufficient where it alleged that the adjuster spent inadequate time examining the damage to the plaintiff's home, including the roof, and allowing only minimum repairs to the roof in the estimate because the notice identified the facts or provided a basis to imply the facts), and *Lewis*, 2011 U. S. Dist. LEXIS 22948, at *16–17 (holding notice was sufficient where it alleged that adjuster failed to include damages to the home in the inspection because it identified the facts or provided a basis to imply the facts), and *Cortez v. Allstate Tex. Lloyd's*, No. H-10-4610, 2011 U.S. Dist. LEXIS

17

22327, at **5–6 (S. D. Tex. Mar. 7, 2011) (holding notice was sufficient where it alleged that the adjuster spent inadequate time examining the damage to the plaintiff's home, including the roof, and allowing only minimum repairs to the roof in the estimate because the notice identified the facts or provided a basis to imply the facts), and *Gardner v. Certain Underwriters at Lloyds*, No. H-10-5003, 2011 U.S. Dist. LEXIS 15930, at *9 (S.D. Tex. Feb. 17, 2011) (holding notice was sufficient even though it contained "scant factual information" about the cause of action where it included claims that the inspection omitted certain damaged items and undervalued covered damage), and *Rodriguez v. Allstate Texas Lloyd's*, No. H-10-4611, 2011 U. S. Dist. LEXIS 15868, at *8 (S. D. Tex. Feb. 17, 2011) (holding notice was sufficient even though it contained "scant" factual information about the cause of action but alleged that plaintiffs had not been able to obtain a copy of the estimate), and *Rubio v. Allstate Tex. Lloyd's*, No. H-10-3058, 2010 U.S. Dist. LEXIS, at **5–6 (S. D. Tex. Dec. 16, 2010) (holding notice letter was sufficient where it alleged that the adjuster spent inadequate time examining the damage to the plaintiffs' home, including the roof, and allowed only minimum repairs to the roof in the estimate), *with Pilgrim Rest Baptist Church v. Hartford Lloyds Ins. Co.*, No. H-10-2067, 2011 U. S. Dist. LEXIS 16984, at **4–5 (S. D. Tex. Feb. 17, 2011) (holding that a notice letter was insufficient where it provided "no facts whatsoever" about the claim and only stated that the defendant had not paid the claim and the delay in payment gave rise to the claims), and *Ross*, 2011 U. S. Dist. LEXIS 69, at *8 (holding that the contents of the plaintiff's petition did not serve as presuit notice because the petition did not provide reasonable detail of "the specific complaint" or the amount of actual damages and expenses, including attorney's fees sought by the plaintiff), and

*Corona v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1651, 2010 U. S. Dist. LEXIS 64477, at \*\*3–4 (S. D. Tex. June 29, 2010) (holding notice letter was insufficient where it briefly asserted damages caused by Hurricane Ike and alleged failure to include all damages in claim because the allegations were highly subjective and conclusory), and *Little v. Allstate Texas Lloyd's*, No. 4:10-CV-00939, 2010 U. S. Dist. LEXIS 64412, at \*6 (S.D. Tex. June 29, 2010) (holding that a notice letter was insufficient where it contained neither factual information about the cause of action nor provided any basis for the court to imply the facts), and *Nichols v Nationwide Property & Cas. Ins. Co.*, No. H-10-0824, 2010 U.S. Dist. 38914, at \*6 (S. D. Tex. Apr. 20, 2010) (holding that a notice letter was insufficient where it contained no factual information about the cause of action).

In the instant case, the presuit notice letter provided the factual basis for the Vargas family's claims against Cypress and identified the Vargas family's causes of action and specified their alleged damages. Even if Cypress knew nothing about the Vargas family's claims other than what was asserted in the letter, the letter was sufficient for Cypress to grasp the basis of the Vargas family's complaints against it. *See Richardson*, 257 S.W.3d at 788; *Williams*, 705 S.W.2d at 191-93*; see also Perez*, 2011 U.S. Dist. 22951, at \*15–16; *Lewis*, 2011 U. S. Dist. LEXIS 22948, at \*16–17; *Cortez*, 2011 U.S. Dist. 22327, at \*\*5–6; *Gardner*, 2011 U.S. Dist. LEXIS 15930, at \*9; *Rubio*, 2010 U.S. Dist. LEXIS, at \*\*5–6. Moreover, the sufficiency of the notice is amplified by looking to facts indisputably known to Cypress through the course of its investigation and denial of the Vargas family's claim. *See Williams*, 705 S.W.2d at 191-93. Cypress could not have been uncertain or in doubt as to the Vargas family's

19

"specific complaint" and the amount of actual damages and expenses sought. *See* TEX. INS. CODE ANN. § 541.154(b)(1), (b)(2).

## C. CONCLUSION

Because the provision of presuit notice was not rendered "impracticable" by the impending expiration of the limitations period, the Vargas family was required to provide Cypress with presuit notice. The notice provided by the Vargas family on July 16, 2010, met the threshold requirements established by the Texas Insurance Code. *See id.; Richardson*, 257 S.W.3d at 788; *Williams*, 705 S.W.2d at 191-93*; see also Perez*, 2011 U.S. Dist. 22951, at *15–16; *Lewis*, 2011 U. S. Dist. LEXIS 22948, at *16–17; *Cortez*, 2011 U.S. Dist. 22327, at **5–6; *Gardner*, 2011 U.S. Dist. LEXIS 15930, at *9; *Rubio*, 2010 U.S. Dist. LEXIS, at **5–6. Because more than sixty days had passed after notice was given, the trial court was not required to formally abate the litigation. Accordingly, we conclude the trial court did not abuse its discretion in refusing to abate the underlying litigation. We overrule Cypress's first issue.

## V. EXAMINATION UNDER OATH

In its second issue, Cypress contends that mandamus relief is warranted because the Vargas family's failure to submit to examinations under oath pursuant to the negotiated terms of the insurance policy deprives Cypress of its contractual rights without an adequate remedy by appeal. Although Cypress did not request that the Vargas family provide examinations under oath during its investigation of the Vargas family's claim, it did request that the family submit to examinations under oath by letters sent on July 23, 2010, and August 6, 2010. These letters were sent after suit had been filed, and before Cypress filed its answer. The Vargas family, in contrast, contends that

20

Cypress is not entitled to examinations under oath because it did not request them prior to making its claims decision and "[n]o case in Texas has ever held that an insurer is entitled to abatement after suit has been filed and after the insurer had already made a claims decision without requesting an examination under oath." The Vargas family also asserts that Cypress has the right to obtain any necessary information from it by way of depositions in the pending civil suit.

Insurance policy provisions requiring an insured to submit to an examination under oath as a condition precedent to sustaining a suit on the policy are valid. *See Philadelphia Underwriters' Agency of Fire Ins. Ass'n v. Driggers*, 111 Tex. 392, 238 S.W. 633, 635 (Tex. 1922); *Trahan v. Fire Ins. Exch.*, 179 S.W.3d 669, 673–674 (Tex. App.—Beaumont 2005, no pet.); *Lidawi v. Progressive County Mut. Ins. Co.*, 112 S.W.3d 725, 734 n.5 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Perrotta v. Farmers Ins. Exch.*, 47 S.W.3d 569, 573–74 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *State Farm Gen. Ins. Co. v. Lawlis*, 773 S.W.2d 948, 949 (Tex. App.—Beaumont 1989, no writ) (per curiam); *see also Rossco Holdings, Inc. v. Lexington Ins. Co.*, No. H-09-cv-04047 2011, U.S. Dist. LEXIS 39011, at **11–12 (S.D. Tex. Apr. 11, 2011). Where an insured fails to comply with a condition precedent requiring the insured to submit to an examination under oath, the remedy is abatement of the case. *See Driggers*, 238 S.W. at 635; *In re Foremost County Mut. Ins. Co.*, 172 S.W.3d at 135; *Lidawi*, 112 S.W.3d at 735; *see also In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 565 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) (abating a lawsuit where the insured failed to comply with appraisal requirements of policy as a condition precedent to suit).

21

The conditions under which an insurance company may conduct an examination under oath are governed by the insurance contract. *Trahan*., 179 S.W.3d at 673–74; *Lawlis*, 773 S.W.2d at 949. The principles courts use when interpreting an insurance policy are well established. *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London,* 327 S.W.3d 118, 126 (Tex. 2010). Those principles include construing the policy according to general rules of contract construction to ascertain the parties' intent. *Id.* We examine the language of the policy because we presume parties intend what the words of their contract say, and we review the entire agreement and seek to harmonize and give effect to all provisions so that none will be meaningless. *Id.* Courts strive to honor the parties' agreement and not remake their contract by reading additional provisions into it. *Id.*; *see Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Crocker*, 246 S.W.3d 603, 606 (Tex. 2008).

The insurance policy at issue provides, under a subheading entitled "Duties After Loss":

a. **Your Duties After Loss.** In case of a loss to covered property caused by a peril insured against, you must:

(1) give prompt written notice to us of the facts relating to the claim.

(2) notify the police in case of loss by theft.

(3) (a) protect the property from further damage.

(b) make reasonable and necessary repairs to protect the property.

(c) keep an accurate record of repair expenses.

(4) furnish a complete inventory of damaged personal property showing the quantity, description and amount of loss. Attach all bills,

22

receipts and related documents which you have that justify the figures in the inventory.

    (5)    as often as we reasonably require:

        (a)    provide us access to the damaged property.

        (b)    provide us with pertinent records and documents we request and permit us to make copies.

        (c)    submit to an examination under oath and sign and swear to it.

    (6)    send to us, if we request, your signed sworn proof of loss. . .

b.    **Our Duties After Loss.**

    (1)    Within 15 days after we receive your written notice of claim, we must:

        (a)    acknowledge receipt of the claim.

            If our acknowledgement of the claim is not in writing, we will keep a record of the date, method and content of our acknowledgement.

        (b)    begin any investigation of the claim.

        (c)    specify the information you must provide in accordance with "Your Duties After Loss" (item 3.a above).

            We may request more information, if during the investigation of the claim such additional information is necessary.

    (2)    After we receive the information we request, we must notify you in writing whether the claim will be paid or has been denied or whether more information is needed:

        (a)    within 15 business days; or

        (b)    within 30 days if we have reason to believe the loss resulted from arson.

    (3)    If we do not approve payment of your claim or require more time for processing your claim, we must:

(a) give the reasons for denying your claim, or

(b) give the reasons we require more time to process your claim. But we must either approve or deny your claim within 45 days after requesting more time.

The policy also provides, under the heading "Suit Against Us," that "[n]o suit or action can be brought unless the policy provisions have been complied with."

In *Foremost Mutual Insurance Company*, the Beaumont Court of Appeals granted mandamus relief where the trial court denied the insurer's motion to abate due to the insured's failure to submit to an examination under oath. *See* 172 S.W.3d at 130. The insured had refused to cooperate with the insurer's requests for an examination under oath during the investigation of the claim. *Id.* at 131. After the insured declined to cooperate, the insurer ultimately denied coverage, and the insured filed suit. *Id.* The insurer sought an abatement of the underlying suit to obtain the examination. *Id.* After the trial court denied the company's plea in abatement, the company petitioned for a writ of mandamus. *Id.* Reasoning that the insurer's contractual right to obtain an examination under oath is "a right long recognized in Texas," the court concluded that enforcing such clauses allows an insurer to conduct a more thorough investigation before it must make a determination on accepting or rejecting a claim. *Id.* The court conditionally granted mandamus relief to require the examination under oath to "spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id.* (quoting *In re Prudential*, 148 S.W.3d at 136).

In this case, Cypress concluded its investigation and denied the Vargas family's claim, and the Vargas family filed suit against Cypress before Cypress requested that

24

the Vargas family submit to examinations under oath. The insurance policy requires that the insured "must," as often as Cypress "reasonably require[s]," "submit to examination under oath and sign and swear to it." However, based on the plain language of the contract, the insured's duties under the contract exist during the investigation of the claim, and nothing in the contract suggests that these duties continue after disposition of a claim.

We conclude the trial court did not err in refusing to abate the underlying action to allow Cypress to take examinations under oath where the claim had been investigated and denied, and the request for examinations was made after litigation had been filed. *See PJC Brothers, LLC v. S&S Claims Serv., Inc.*, 267 F.R.D. 199, 201–02 (S. D. Tex. 2010) (denying a motion to abate based on the failure of an insured to submit to an examination under oath where the insurer requested the examination after the inception of suit). Requiring the suit to be abated under these circumstances would frustrate an objective of our legal system to resolve lawsuits with "great expedition and dispatch and at the least expense" to the litigants. *See* TEX. R. CIV. P. 1; *Henry Schein v. Stromboe*, 102 S.W.3d 675, 693 (Tex. 2002). Cypress's remedy is to take the Vargas family's depositions as provided by the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 192.1 (delineating the permissible forms of discovery); R. 199 (providing for depositions on oral examination). Cypress has not provided this Court or the trial court with any explanation regarding why such depositions would not be equally sufficient as examinations under oath to enable it to obtain the material facts to allow it to decide on its obligations or to protect against any false claims. *See Clafin v. Commonwealth Ins. Co.*, 110 U.S. 81, 94–95 (1884) (discussing the purpose of

25

clauses requiring examinations under oath).  Accordingly, we conclude that the trial court did not abuse its discretion in refusing to abate the underlying action for purposes of requiring the Vargas family to submit to examinations under oath.  We overrule Cypress's second issue.

## VI. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the reply, is of the opinion that Cypress has not shown itself entitled to the relief sought.  The trial court did not abuse its discretion in refusing to abate the underlying litigation.  Accordingly, the petition for writ of mandamus is DENIED.  *See* TEX. R. APP. P. 52.8(a).

GREGORY T. PERKES
JUSTICE

Delivered and filed this
15th day of August, 2011.