**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed July 26, 2018.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-18-00362-CV

---

### IN RE ALLSTATE INDEMNITY COMPANY, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1102999**

---

## MEMORANDUM OPINION

On May 7, 2018, relator Allstate Indemnity Company filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable George Barnstone, presiding judge of County Civil Court at Law No. 1

of Harris County, to set aside his February 21, 2018 order (1) denying Allstate's plea in abatement; and (2) awarding real parties in interest Holly Holt and David Cabrera $2,500 in attorney's fees as a sanction against Allstate for filing a frivolous plea. We conditionally grant the petition.[1]

## I. BACKGROUND

The underlying case involves a dispute over the amount Allstate paid for Holt and Cabrera's claim for damage to their condominium resulting from Hurricane Harvey. On December 12, 2017, Holt and Cabrera filed suit against Allstate for breach of contract, fraud, violations of the DTPA, and violations of Chapter 541 of the Texas Insurance Code.

On January 5, 2018, Allstate filed an answer and, on February 5, 2018, a verified plea in abatement. Allstate argued in its plea in abatement that Holt and Cabrera did not provide written presuit notice in accordance with the Texas Insurance Code. Holt and Cabrera filed a response, on February 12, 2018, asserting that they had provided presuit notice, and also requesting attorney's fees as sanctions for having to respond to Allstate's plea, which they argued was frivolous. On February 21, 2018, the trial court denied Allstate's plea in abatement and awarded Holt and Cabrera $2,500 in attorney's fees as a sanction against Allstate for filing a plea without merit. The order advised that the trial court would strike Allstate's

---

[1] On May 10, 2018, this court requested a response from Holt and Cabrera to be filed on or before May 24,2018. They did not file any response to the petition for writ of mandamus. *See* Tex. R. App. P. 52.4 ("The court must not grant relief—other than temporary relief—before a response has been filed or requested by the court.").

answer and a judgment of liability would be entered in favor of Holt and Cabrera if Allstate did not pay the attorney's fees within fifteen days of the order. Allstate paid the attorney's fees.

In this mandamus proceeding, Allstate asserts that the trial court abused its discretion by denying its plea in abatement and sanctioning Allstate for filing a baseless plea.

## II. STANDARD OF REVIEW

Generally, a relator seeking mandamus relief must demonstrate that (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 226 (Tex. 2016) (orig. proceeding) (per curiam). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

When a claimant fails to give a statutory notice that is a prerequisite to filing suit and the trial court denies the defendant's timely request for abatement, the defendant is entitled to seek review of the court's denial by mandamus. *In re Cypress Tex. Lloyds*, 437 S.W.3d 1, 5 (Tex. App.—Corpus Christi 2011, orig. proceeding). When a trial court abuses its discretion by denying a plea in abatement, the relator does not have an adequate remedy by appeal. *See In re Liberty Mut. Fire*

3

*Ins. Co.*, No. 14-09-00876-CV, 2010 WL 1655492, at *6 (Tex. App.—Houston [14th Dist.] Apr. 27, 2010, orig. proceeding) (mem. op.).

### III. ANALYSIS

### A. Presuit Notice

Allstate asserts that Holt and Cabrera did not provide notice of their claims to Allstate prior to filing their lawsuit in compliance with the Texas Insurance Code. Effective September 1, 2017, the Texas Legislature enacted Chapter 542A of the Insurance Code, entitled "Certain Consumer Actions Related to Claims for Property Damage." *See* Tex. Ins. Code Ann. §§ 542A.001–.007 (West Supp. 2017). Chapter 542A applies to an action on a claim against an insurer, or an agent, including actions alleging breach of contract, negligence, misrepresentation, or breach of a common law duty or an action brought under certain subchapters of the Chapters 541 and 542 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. Tex. Ins. Code Ann. § 542A.002(a).

Section 542A.003(a)–(c) sets forth the following requirements for presuit written notice by the claimant:

(a) In addition to any other notice required by law or the applicable insurance policy, not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action.

(b) The notice required under this section must provide:

(1) a statement of the acts or omissions giving rise to the claim;

4

(2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and

(3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

(c) If an attorney or other representative gives the notice required under this section on behalf of a claimant, the attorney or representative shall:

(1) provide a copy of the notice to the claimant; and

(2) include in the notice a statement that a copy of the notice was provided to the claimant.

Tex. Ins. Code Ann. § 542A.003(a)–(c).

Holt and Cabrera argue they provided sufficient presuit notice in a letter dated September 28, 2017, and two emails dated November 1, 2017, and December 4, 2017. A review of the letter and emails reflects that Holt and Cabrera's notice does not comply with section 542A.003. Therefore, the trial court abused its discretion by denying Allstate's plea in abatement.

Moreover, when a trial court abuses its discretion by denying a plea in abatement, the relator does not have an adequate remedy by appeal. *See Liberty Mut. Fire Ins. Co.*, 2010 WL 1655492, at *6. We also conclude that Allstate does not have an adequate remedy by appeal.

5

**B.    Attorney's Fees**

The trial court also awarded Holt and Cabrera attorney's fees as a sanction against Allstate on the finding that the plea in abatement is frivolous.  Because the trial court abused its discretion by denying Allstate's plea in abatement, the trial court's award of attorney's fees is insupportable.

## IV. CONCLUSION

We conditionally grant Allstate's petition for writ of mandamus and direct the trial court to set aside the February 21, 2018 order.  The writ will issue only if the trial court fails to act in accordance with this opinion.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Busby.