NUMBER 13-11-00107-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE CYPRESS TEXAS LLOYDS

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Rodriguez,
and Perkes

Memorandum
Opinion by Justice Perkes[1]

By petition for writ of mandamus,
relator, Cypress Texas Lloyds (“Cypress”), seeks to compel the trial court to
withdraw its order denying Cypress’s motion to abate the underlying litigation
and to require the real party in interest, Jose L. Hernandez, to provide
presuit notice in compliance with the Texas Insurance Code and to submit to an
examination under oath.[2] 
We deny the petition for writ of mandamus.[3]

I.  Background

Hurricane Dolly struck the Rio
Grande Valley on July 23, 2008, damaging Hernandez’s roof and allowing water
incursion into the home.  At the time of the storm, Hernandez had homeowner’s
insurance through a policy issued by Cypress.  Hernandez filed an insurance
claim regarding the property damage.  After an inspection, Cypress paid
Hernandez $2,753.01 for his property damages.  Hernandez was dissatisfied with
the payment because it was insufficient to make the necessary repairs to his
home.  Hernandez contacted Cypress twice in subsequent months to ask it to
reevaluate his claim.  Cypress failed to satisfy Hernandez’s queries.  Hernandez
filed suit against Cypress and sent Cypress additional written notice of his claims
that same day.  Cypress filed its answer to the lawsuit and, one month later, filed
a verified motion to abate the suit on grounds that Hernandez had failed to
send notice of the lawsuit or submit to an examination under oath.

The trial court held a hearing on Cypress’s
motion for abatement.  At the hearing, Cypress requested the trial court to take
judicial notice of the pleadings and the dates that the petition and answer were
filed.  The trial court granted Cypress’s request by stating that it would take
judicial notice of “everything in the Court’s file.”  The trial court denied Cypress’s
motion to abate, and this original proceeding ensued.  

By two issues, Cypress contends
that the trial court erred in refusing to abate the case because (1) Hernandez
failed to provide the presuit notice required by the Texas Insurance Code, and
(2) Hernandez failed to submit to an examination under oath as required by his homeowner’s
insurance policy.  In response, Hernandez asserts, inter alia, that he gave
proper and sufficient notice to Cypress on June 29, 2010, and therefore Cypress’s
request for abatement is moot.  Hernandez further asserts that Cypress failed
to request an examination under oath prior to making its claims decision, suit
has now been filed, and Cypress could obtain the same information by
deposition. 

II.  Standard
of Review

 

Mandamus is an “extraordinary” remedy.  In re Sw. Bell Tel. Co., L.P., 235 S.W.3d 619, 623 (Tex. 2007)
(orig. proceeding); see In re Team Rocket, L.P., 256 S.W.3d 257, 259
(Tex. 2008) (orig. proceeding).  To obtain mandamus relief, the relator must
show that the trial court clearly abused its discretion and that the relator
has no adequate remedy by appeal.  In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); see In re McAllen Med.
Ctr., Inc., 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding).  A trial
court abuses its discretion if it reaches a decision so arbitrary and
unreasonable as to constitute a clear and prejudicial error of law, or if it
clearly fails to correctly analyze or apply the law.  In re Cerberus Capital
Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per
curiam); Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding).  To satisfy the clear abuse of discretion standard, the relator
must show that the trial court could “reasonably have reached only one
decision.”  Liberty Nat’l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 630
(Tex. 1996) (quoting Walker, 827 S.W.2d at 840).  

Historically, mandamus was treated
as an extraordinary writ that would issue “only in situations involving
manifest and urgent necessity and not for grievances that may be addressed by
other remedies.”  Walker, 827 S.W.2d at 840.  Now, whether a clear abuse
of discretion can be adequately remedied by appeal depends on a careful
analysis of the costs and benefits of interlocutory review.  See In re
McAllen Med. Ctr., Inc., 275 S.W.3d at 462.  Sometimes, “[a]n appellate
remedy is ‘adequate’ when any benefits to mandamus review are outweighed by the
detriments.”  In re Prudential Ins. Co. of Am., 148 S.W.3d at 136. 
According to the Texas Supreme Court: 

Mandamus review of
significant rulings in exceptional cases may be essential to preserve important
substantive and procedural rights from impairment or loss, allow the appellate
courts to give needed and helpful direction to the law that would otherwise
prove elusive in appeals from final judgments, and spare private parties and
the public the time and money utterly wasted enduring eventual reversal of
improperly conducted proceedings. 

 

Id.  

When a claimant fails to give a
statutory notice that is a prerequisite to filing suit and the trial court
denies the defendant’s timely request for abatement, that defendant is entitled
to seek review of the court’s denial by mandamus.  See Hines v. Hash,
843 S.W.2d 464, 469 (Tex. 1992) (concluding there is no adequate remedy by
appeal for the failure to give statutory notice under the Texas Deceptive Trade
Practices Act)[4];
Am. Online, Inc. v. Williams, 958 S.W.2d 268, 271 (Tex. App.—Houston
[14th Dist.] 1997, no pet.) (same); see also In re Liberty Mut. Fire Ins. Co.,
No. 14-09-00876-CV, 2010 Tex. App. LEXIS 3063, at **16–17 (Tex. App.—Houston
[14th Dist.] Apr. 27, 2010, orig. proceeding) (mem. op.) (concluding there is
no adequate remedy by appeal for the failure to give statutory notice under the
Texas Insurance Code); In re Behr, No. 04-05-00895-CV, 2006 Tex. App.
LEXIS 1588, at *7 (Tex. App.—San Antonio Mar. 1, 2006, orig. proceeding) (mem.
op.) (same).  Similarly, when an insured fails to give a required examination
under oath, the trial court’s refusal to allow abatement is reviewable by
mandamus.  In re Foremost County Mut. Ins. Co., 172 S.W.3d 128, 136
(Tex. App.—Beaumont 2005, orig. proceeding) (granting mandamus relief on
grounds that the trial court had no discretion to deny abatement to allow an
examination under oath and that relator had no adequate remedy on appeal).

III.  Laches

As an initial matter, we address Hernandez’s
contention that laches bars our consideration of this petition for writ of
mandamus.  Hernandez argues that Cypress waited sixty-eight days after
receiving his notice to request abatement of the lawsuit, and waited an
additional seventy-three days from the date the trial court denied the plea in
abatement to file this petition for writ of mandamus.  

Although mandamus is not an
equitable remedy, its issuance is controlled largely by equitable principles.  In
re Int’l Profit Assocs., Inc., 274 S.W.3d 672, 676 (Tex. 2009) (orig.
proceeding) (per curiam).  One such principle is that “[e]quity aids the
diligent and not those who slumber on their rights.”  Rivercenter Assocs. v.
Rivera, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding) (quoting Callahan
v. Giles, 137 Tex. 571, 576, 155 S.W.2d 793, 795 (1941) (orig.
proceeding)).  To invoke the equitable doctrine of laches, the moving party
ordinarily must show an unreasonable delay by the opposing party in asserting
its rights and also the moving party’s good faith and detrimental change in
position because of the delay.  In re Laibe Corp., 307 S.W.3d 314, 318
(Tex. 2010) (orig. proceeding); Rogers v. Ricane Enters., Inc., 772
S.W.2d 76, 80 (Tex. 1989).  Under certain circumstances, a delay in the filing
of a petition for writ of mandamus may be justified.  In re Int’l Profit
Assocs., Inc., 274 S.W.3d at 676; see In re SCI Tex. Funeral Servs., Inc.,
236 S.W.3d 759, 761 (Tex. 2007) (orig. proceeding) (holding that a delay of
slightly less than six months did not constitute laches because the time was
required to obtain records of numerous discovery hearings and brief issues for
court).  

In the instant case, the lawsuit
was filed on June 29, 2010.  Cypress filed its answer on or about August 9,
2010, and filed its plea in abatement on September 8, 2010.  The trial court
held a hearing on the motion to abate on November 30, 2010.  The trial court
denied the motion to abate on December 10, 2010.  Cypress filed the petition
for writ of mandamus on February 24, 2011.  Although Hernandez generally
asserts that this delay has resulted in a “detrimental” change in his position,
he has offered no specific evidence supporting or explaining this allegation.  The
Texas Supreme Court has held that a two-month delay in seeking mandamus relief
is not necessarily unreasonable.  In re Laibe Corp., 307 S.W.3d at 318; see
Strickland v. Lake, 163 Tex. 445, 357 S.W.2d 383, 384 (Tex. 1962) (orig.
proceeding).  Based upon the record before us, we similarly conclude that the
delay was not unreasonable as a matter of law and are therefore unpersuaded by
Hernandez’s argument that laches bars our consideration of this petition for
writ of mandamus.  We now turn to the merits of this original proceeding.

IV.  The Notice Requirement

Under the Texas Insurance Code, “[a]
person seeking damages in an action against another person under this
subchapter must provide written notice to the other person not later than the
61st day before the date the action is filed.”  Tex. Ins. Code Ann. § 541.154(a) (West 2009).  The notice
must advise the recipient of “the specific complaint” and “the amount of actual
damages and expenses, including attorney’s fees reasonably incurred in asserting
the claim against the other person.”  Id. § 541.154(b) (West 2009); see
Richardson v. Foster & Sear, LLP, 257 S.W.3d 782, 786 (Tex. App.—Ft.
Worth 2008, no pet.); Williams v. Hills Fitness Center, Inc., 705 S.W.2d
189, 192–93 (Tex. App.—Texarkana 1985, writ ref’d n.r.e.). 

The purpose of the sixty day notice
requirement under the Texas Insurance Code is to “discourage litigation and
encourage settlements of consumer complaints.”  Hines v. Hash, 843
S.W.2d 464, 469 (Tex. 1992) (quoting Jim Walter Homes, Inc. v. Valencia,
690 S.W.2d 239, 242 (Tex. 1985)).  Presuit notice provides the opportunity to
limit damage exposure through an offer of settlement, as contemplated by
sections 541.156 through 541.159 of the Texas Insurance Code.  See Tex. Ins. Code Ann. §§ 541.156–.159 (West
2009); see also In re Behr, 2006 Tex. App. LEXIS 1588, at *7 (stating
that “without pre-suit notice, Behr is denied his right to limit his damage
exposure through an offer of settlement”).

If the policy holder fails to
provide the required notice, the Texas Insurance Code allows the defendant
insurer to abate further proceedings.  The defendant insurer “may file a plea
in abatement not later than the 30th day after the date the person files an
original answer.”  Tex. Ins. Code Ann. §
541.155(a) (West 2009).  If the plea is verified and alleges that the defendant
did not receive the required notice, and the plea is not controverted by an
affidavit filed before the eleventh day after the plea in abatement is filed, then
abatement of the action is automatic and does not require a court order.  Id.
§ 541.155(c) (West 2009). The statute provides that if the plaintiff disputes
abatement, “[t]he court shall abate the action if, after a hearing, the court
finds that the person is entitled to an abatement because the claimant did not
provide the notice as required by section 541.154.”  Id. § 541.155(b)
(West 2009).  In either case, “[a]n abatement . . . continues until the 60th
day after the date notice is provided in compliance with section 541.154.”  Id.
§ 541.155(d) (West 2009).  If the policy holder provides notice for a
period shorter than 60 days before filing suit and the suit is automatically
abated, a court does not need to “formally grant another sixty-day abatement”
if more than 60 days have passed since the policy holder provided notice.  See
In re Alford Chevrolet–Geo, 997 S.W.2d 173, 178 (Tex. 1999) (orig.
proceeding) (upholding trial court’s decision that formal abatement was
unnecessary even though the plaintiffs failed to provide notice 60 days before
filing their DTPA suit because the suit was automatically abated and “by the
time [the trial court] issued its ruling, more than sixty days had passed since
Plaintiffs sent their notices”); Kennard v. Indianapolis Life Ins. Co.,
420 F. Supp. 2d 601, 610 (N.D. Tex. 2006) (same).[5]

Cypress contends that mandamus
relief is warranted because the Texas Insurance Code requires presuit notice,
and Hernandez’s failure to give presuit notice deprived Cypress of its right to
limit its damage exposure through an offer of settlement.  In connection with
this issue, Cypress contends that mandamus relief is warranted because
Hernandez did not plead and prove that presuit notice was rendered “impracticable”
by the impending expiration of the limitations period.  Cypress argues that
neither Hernandez’s petition nor his untimely notice letter constitutes presuit
notice under the Texas Insurance Code because neither contains the information required
by the Texas Insurance Code.  

A.  Limitations

We first address Cypress’s
contention that Hernandez was not excused from complying with the statutory
presuit notice requirement by virtue of an impending statute of limitations.  Hernandez
argues that the presuit notice requirement was excused because the statute of limitations
rendered giving notice impracticable.  This argument is premised on one of the statutory
exceptions to the presuit notice requirement in the Texas Insurance Code.  See
Tex. Ins. Code Ann. §§ 541.154(c),
541.155(e) (West 2009).  Under the statute, notice is “not required” if giving
notice is “impracticable” because the action “must be filed to prevent the
statute of limitations from expiring,” or “is asserted as a counterclaim.”  Id.
§ 541.154(c) (West 2009).  In order to qualify for the exception to the notice
requirement because of an impending statute of limitations, a plaintiff must
plead and offer some proof that the giving of notice was “rendered
impracticable” by the impending expiration of the limitations period.  Winkle
Chevy-Oldsmobile-Pontiac, Inc. v. Condon, 830 S.W.2d 740, 745 (Tex.
App.—Corpus Christi 1992, writ dism’d)); How Ins. Co. v. Patriot Fin. Servs.,
Inc., 786 S.W.2d 533, 538 (Tex. App.—Austin 1990), overruled on other
grounds by Hines, 843 S.W.2d at 469; see Cleo Bustamante Enters., Inc.
v. Lumbermens Mut. Cas. Co., No. Civ. A. SA-05-CA0433, 2005 U.S. Dist.
LEXIS 13494, at *3 (W. D. Tex. June 30, 2005).

Hernandez contends that notice is
not required when a party has a “genuine belief” that providing notice is not
possible given the possible expiration of the statute of limitations.  Tex. Ins. Code Ann. § 541.154(c). 
Hernandez argues that the insurance policy underlying this matter requires suit
to be filed within two years and one day of the date the cause of action accrues. 
Hernandez supports this allegation with the affidavit of Amber L. Anderson.  In
response, Cypress asserts that Hernandez has failed to plead and prove that
limitations rendered presuit notice “impracticable.”[6]

As stated previously, a plaintiff
must plead and offer some proof that the giving of notice was “rendered
impracticable” by the impending expiration of the limitations period.  Winkle
Chevy—Oldsmobile—Pontiac, Inc., 830 S.W.2d at 745; How Ins. Co., 786
S.W.2d at 538; see also Perez v. Nationwide Prop. & Cas. Ins. Co.,
No. H-10-5224, 2011 U.S. Dist. LEXIS 22951, at *15–16 (S. D. Tex. Mar. 8,
2011); Lewis v. Nationwide Prop. & Cas. Ins. Co., No. H-10-4950,
2011 U. S. Dist. LEXIS 22948, at *16–17 (S. D. Tex. Mar. 8, 2011); Christopher
v. Nationwide Cas. & Prop. Co., No. 10-CV-3797, 2011 U. S. Dist. LEXIS
7056, at *6 (S. D. Tex. Jan. 25, 2011).  Based upon the applicable standard, Hernandez’s
assertion of a “genuine belief” that limitations might expire does not
constitute the pleading and proof required to establish the statutory limitations
exception to the presuit notice requirement.  See, e.g., Leon v. Allstate
Tex. Lloyd’s, No. H-10-3574, 2011 U. S. Dist. LEXIS 60684, at **8–9 (S. D.
Tex. June 6, 2011) (holding that the claimant’s assertion that the “statute of
limitations cannot be precisely determined” was insufficient to show limitations
rendered presuit notice impracticable); Shaheen v. Allstate Tex. Lloyd’s,
No. H-10-4580, 2011 U.S. Dist. LEXIS 22944, at *8 (S. D. Tex. Mar. 8, 2011) (holding
that the claimant’s argument that the statute of limitations “cannot be
precisely determined” and “limitations may have foreclosed Plaintiffs’ claims”
did not constitute pleading and proof that limitations rendered presuit notice
impracticable); Ross v. Nationwide Ins. Co., No. H-10-4076, 2011 U. S.
Dist. LEXIS 69, at *8 (S. D. Tex. Jan. 3, 2011) (holding that the claimant’s
assertion that determining the statute of limitations was a “moving target” because
it depended on different facts, such as when the claim was denied or whether
the policy contained a limitations provision, and thus the “safest and most
logical bet” was to proceed with suit, did not constitute pleading and proof
that limitations rendered presuit notice impracticable); Balboa v. Allstate
Tex. Lloyd’s, No. H-10-3634, 2010 U. S. Dist. LEXIS 136025, at *8 (S. D.
Tex. Dec. 23, 2010) (holding that assertions that the statute of limitations could
not be precisely determined was not sufficient to show that limitations
rendered presuit notice impracticable).

In this case, there is no pleading
or proof that the statute of limitations rendered the statutory presuit notice
impracticable.  Accordingly, we conclude that the limitations exception to the
notice requirement did not excuse Hernandez from providing presuit notice in
the instant case.  

B.  Sufficiency of Notice

 Cypress next argues that neither
Hernandez’s petition nor his untimely notice letter suffices to constitute
presuit notice under the Texas Insurance Code because neither contains the information
required by the Texas Insurance Code.  Hernandez asserts otherwise.  As stated
previously, Hernandez sent an untimely notice letter which provides, in
relevant part:

Our firm represents Jose L. Hernandez
in connection with the claim for damages to the property located at 4701 Black
Street, Weslaco, TX 78592.  As you are well aware, Jose L. Hernandez made a claim
against his insurance policy for Hurricane Dolly related damages. 
Specifically, Jose L. Hernandez’s roof sustained extensive damage during the
storm.  Water intrusion through the roof caused significant damage throughout
the interior of the home including, but not limited to, the ceilings, walls,
insulation, and flooring.  Mr. Hernandez suffered some food loss.  Furthermore,
Jose L. Hernandez’s home sustained substantial structural and exterior damage
during the storm.

 

Cypress Texas Lloyds issued the policy
to Jose L. Hernandez.  Crawford & Company and Amanda M. Montoya adjusted
the claim.  Montoya performed a cursory inspection upon the property. 
Therefore, Montoya’s report was incomplete and did not include all of Mr.
Hernandez’s Hurricane Dolly related damages.  As a result, Mr. Hernandez was
significantly underpaid on his claim for damages.  To this date, Jose L.
Hernandez has yet to receive full payment under the insurance policy.  

 

Undoubtedly, you are aware of your
liability to our client under the Texas Insurance Code, which specifically
covers unfair settlement of claims.  Specifically, you are liable to Jose L.
Hernandez, jointly and individually, for the following violations of the Texas
Insurance Code . . . .

 

The letter further
specifies several alleged violations of the Texas Insurance Code and details Hernandez’s
claim for damages in the amount of $182,413.00 in economic damages, $50,000.00
in mental anguish damages, and $72,965.20 for expenses including attorney’s
fees.

The Texas Insurance Code requires
that presuit notice include basic information, including the “specific
complaint” and the amount of actual damages and expenses sought.  Tex. Ins. Code Ann. § 541.154(b)(1),
(b)(2).  Texas courts interpreting the statute or the similar provision in the Texas
Deceptive Trade Practices Act have held that notice letters containing specific
factual allegations supporting the causes of action, or at least enough
information to imply those facts, satisfies the notice requirement.  See
Richardson, 257 S.W.3d at 788 (stating that the notice requirement under
the DTPA sets a “fairly low threshold”); Lester v. Logan, 893 S.W.2d
570, 573 (Tex. App.—Corpus Christi 1994, writ denied) (holding that a demand
letter constitutes sufficient presuit notice under the DTPA “if it identifies
the nature of the consumer’s complaint and the various amounts required to make
him or her whole”); Village Mobile Homes, Inc. v. Porter, 716 S.W.2d
543, 547 (Tex. App.—Austin 1986, writ ref’d n.r.e.) (holding that presuit
demand constituted sufficient notice under the DTPA where it itemized the
damages necessary to compensate appellee and warned that appellant would file a
DTPA cause of action should the defendant refuse to settle because “[a]ppellee
is not required . . . to disclose the theory of her cause of action; nor is she
required to advise appellant of the particular sections she believes it has
violated”); Williams, 705 S.W.2d at 191–93 (holding that the plaintiff’s
four-paragraph notice letter satisfied the notice requirement of the DTPA, even
though the allegations were general and the court had to imply the specific facts
supporting the cause of action).  An informative discussion regarding the former
notice provision of the DTPA explains the competing considerations applied by a
court in considering whether presuit notice is effective:  

The legislative
direction to the courts in Section 17.44 to construe and apply the provisions
of the Act in such way as to promote the Act’s underlying purposes tempers the
provision of Section 17.50A(a) to a requirement that advice as to actual
damages and attorney’s fees be as accurate and informative as the consumer can
reasonably make it under the circumstances of the case.  An underlying purpose
of Section 17.50A(a) is to encourage settlements by affording a potential
defendant an opportunity to limit damages and expense by making a settlement
offer.  This section confers a valuable right upon a potential defendant which
should not be impaired by doubtful construction. Neither should form be allowed
to prevail over substance; that is to say, that a harmless failure or
deficiency in notice should not be allowed to deprive an injured person from
prosecuting a claim. The sufficiency of notice of a specific complaint may
properly be determined by looking to facts indisputably known to the potential
defendant. . . .  The Center could not have been uncertain or in doubt as to
the specific complaint, the injury, the monetary damage, attorney’s fees or
expense then claimed.  The notice letter combined with what was unquestionably
known to the Center substantially complied with the purposes and requirements
of Section 17.50A(a).

 

Williams,
705 S.W.2d at 193. 

In Richardson v. Foster &
Sear, L.L.P., the Fort Worth Court of Appeals explained that the notice
letter in that case, “while not a model of clarity and eloquence,” stated in
enough detail “for this court—knowing nothing of [the] claims and allegations
except what [is] asserted in [the] letter—to grasp the basis of [the]
complaints against Foster & Sear.”  257 S.W.3d at 786.  The gravamen of the
notice letter included the factual allegations that, after agreeing to
represent the claimant’s interests in whatever claims his deceased father had
for asbestos exposure, the defendants settled those claims without the claimant’s
permission and refused to divulge his share of the settlement proceeds.  Id. 
The claimant included specific damage demands and included specific causes of
action.  Id.

Cypress contends, citing Boone
v. Safeco Insurance Company of Indiana, No. H-09-1613, 2009 U. S. Dist. LEXIS
86646 (S. D. Tex. Sept. 22, 2009) and In re Liberty Mutual Fire Insurance Company,
2010 Tex. App. LEXIS 3063, that Hernandez’s letter “utilizes the exact same
language” and is “VERBATIM” the same language found by the Southern District of
Texas and the Fourteenth Court of Appeals to be “deficient.”  In Liberty Mutual
Fire Insurance Company, the two-page notice letter states, in relevant
part: 

While our investigation
is still undergoing [sic], it appears that Liberty Mutual Fire Insurance
Company (“Liberty Mutual”) is in violation of the Texas Insurance Code Section
541.001 et seq. (Unfair Competition and Practices) and Texas Business and
Commerce Code Section 17.46 et seq. (Texas Deceptive Trade Practices–Consumer
Protection Act), and that you have breached the terms of the insurance contract
of insurance [sic] with our client’s decedents, Mary Ann and R. Wayne Hurt.  Adjusters
employed by your company appear to have violated the Texas Insurance Code with
respect to their own acts and omissions in the handling of the Hurt Estates’
claims.  Because of these violations of law, Mr. Hurt, as Independent
Administrator of the Estate of Mary Ann Hurt and of the Estate of R. Wayne
Hurt[,] has sustained and continues to sustain significant damages, including
but not limited to property damage, diminution of property value, mental
anguish, attorney fees and other consequential damages.

 

2010 Tex. App.
LEXIS 3063, at **11–12 (considering the sufficiency of notice under the DTPA
and Texas Insurance Code).  The Fourteenth Court of Appeals noted that the notice
letter specified monetary damages in an amount representing the difference
between Liberty Mutual’s alleged underpayment and the policy limits.  Id.
at *12.  The letter also sought attorney’s fees in the amount of $401,687.68.  Id. 
The court stated that this letter could not serve as presuit notice because it
did not include any specific factual allegations supporting the causes of
actions, did not specify the specific damages sustained due to Liberty Mutual’s
actions, and did not specify the amount of damages the plaintiff sought for
mental anguish.  Id. at *14.  In summary, the court concluded that the letter
did not include enough detail for the court, knowing nothing of the plaintiff’s
claims and allegations except what he asserted in his letter, to grasp the
basis of his complaints.  Id. at **14–15.  

In Boone v. Safeco Insurance Company,
the United States District Court likewise found a presuit notice insufficient:

The Boones’ April 24, 2009 notice
letter to Safeco contains no factual information about the cause of action. . .
The letter is very general.  It states that the Boones did not receive full
payment under the insurance policy and that Safeco and its adjuster, George
Echols, were liable for “misrepresenting and/or failing to discuss with Donna
Boone and Dennis K. Boone pertinent facts or policy provisions relating to
coverage as an issue”; for “failing to acknowledge with reasonable promptness,
pertinent communications with respect to the claim arising under its policy”; “failing
to adopt reasonable standards for prompt investigation of the claim arising
under its policy”;”not attempting in good faith to effectuate prompt, fair and
equitable settlement of the claim submitted in which liability has become
reasonably clear”; “failing to provide promptly to a policyholder a reasonable
explanation of the basis in the insurance policy, in relation to the facts or
applicable law for denial of the claim or for the offer of a compromise
settlement”; “failing to affirm or deny coverage of claim to a policyholder
within a reasonable time after proof of loss statements have been completed”;
and “refusing to pay the claims without conducting a reasonable investigation
based upon all available information” . . . The letter parroted the Texas
Insurance Code violations.  Although it did identify the damages sought—$
1,427,643.00 in economic damages, $ 50,000 in mental anguish damages, and $
542,547.67 in expenses and attorneys’ fees—the letter did not identify the
facts or provide any basis for the court to imply the facts.  The letter was
not sufficient notice under Section 541.154(b) of the Texas Insurance Code and
did not trigger the 60-day abatement period.

 

2009 U. S. Dist.
LEXIS 86646 at **8–10.  

As an initial matter, and based on
the foregoing excerpts, we cannot agree with Cypress that the letter in this
case is exactly analogous to the letter in Liberty Mutual or the letter
in Boone.  We note that the requirements for sufficiency of the presuit
notice have been extensively litigated, and the majority of cases apply a very
low threshold for the presuit notice requirements.  Compare Perez, 2011
U.S. Dist. LEXIS 22951, at *15–16 (holding notice was sufficient where it
alleged that the adjuster spent inadequate time examining the damage to the
plaintiff’s home, including the roof, and allowing only minimum repairs to the
roof in the estimate because the notice identified the facts or provided a basis
to imply the facts), and Lewis, 2011 U. S. Dist. LEXIS 22948, at *16–17
(holding notice was sufficient where it alleged that adjuster failed to include
damages to the home in the inspection because it identified the facts or
provided a basis to imply the facts), and Cortez v. Allstate Tex. Lloyd’s,
No. H-10-4610, 2011 U.S. Dist. 22327, at **5–6 (S. D. Tex. Mar. 7, 2011)
(holding notice was sufficient where it alleged that the adjuster spent
inadequate time examining the damage to the plaintiff’s home, including the
roof, and allowing only minimum repairs to the roof in the estimate because the
notice identified the facts or provided a basis to imply the facts), and Gardner
v. Certain Underwriters at Lloyds, No. H-10-5003, 2011 U.S. Dist. LEXIS
15930, at *9 (S.D. Tex. Feb. 17, 2011) (holding notice was sufficient even
though it contained “scant factual information” about the cause of action where
it included claims that the inspection omitted certain damaged items and undervalued
covered damage), and Rodriguez v. Allstate Texas Lloyd’s, No. H-10-4611,
2011 U. S. Dist. LEXIS 15868, at *8 (S. D. Tex. Feb. 17, 2011) (holding notice
was sufficient even though it contained “scant” factual information about the
cause of action but alleged that plaintiffs had not been able to obtain a copy of
the estimate), and Rubio v. Allstate Tex. Lloyd’s, No. H-10-3058, 2010
U.S. Dist. LEXIS, at **5–6 (S. D. Tex. Dec. 16, 2010) (holding notice letter was
sufficient where it alleged that the adjuster spent inadequate time examining
the damage to the plaintiffs’ home, including the roof, and allowed only
minimum repairs to the roof in the estimate), with Pilgrim Rest Baptist
Church v. Hartford Lloyds Ins. Co., No. H-10-2067, 2011 U. S. Dist. LEXIS
16984, at **4–5 (S. D. Tex. Feb. 17, 2011) (holding that a notice letter was
insufficient where it provided “no facts whatsoever” about the claim and only
stated that the defendant had not paid the claim and the delay in payment gave
rise to the claims), and Ross, 2011 U. S. Dist. LEXIS 69, at *8 (holding
that the contents of the plaintiff’s petition did not serve as presuit notice because
the petition did not provide reasonable detail of “the specific complaint” or the
amount of actual damages and expenses, including attorney’s fees sought by the
plaintiff), and Corona v. Nationwide Prop. & Cas. Ins. Co., No.
H-10-1651, 2010 U. S. Dist. LEXIS 64477, at **3–4 (S. D. Tex. June 29, 2010) (holding
notice letter was insufficient where it briefly asserted damages caused by
Hurricane Ike and alleged failure to include all damages in claim because the
allegations were highly subjective and conclusory), and Little v. Allstate
Texas Lloyd’s, No. 4:10-CV-00939, 2010 U. S. Dist. LEXIS 64412, at *6 (S.D.
Tex. June 29, 2010) (holding that a notice letter was insufficient where it
contained neither factual information about the cause of action nor provided
any basis for the court to imply the facts), and Nichols v Nationwide
Property & Cas. Ins. Co., No. H-10-0824, 2010 U.S. Dist. 38914, at *6 (S.
D. Tex. Apr. 20, 2010) (holding that a notice letter was insufficient where it
contained no factual information about the cause of action).

In the instant case, the presuit
notice letter provided the factual basis for Hernandez’s claims against Cypress
and identified Hernandez’s causes of action and specified his alleged damages. 
Even if Cypress knew nothing about Hernandez’s claims other than what was
asserted in the letter, the letter was sufficient for Cypress to grasp the
basis of Hernandez’s complaints against it.  See Richardson, 257 S.W.3d at
788; Williams, 705 S.W.2d at 191-93; see also Perez, 2011 U.S.
Dist. 22951, at *15–16; Lewis, 2011 U. S. Dist. LEXIS 22948, at *16–17; Cortez,
2011 U.S. Dist. 22327, at **5–6; Gardner, 2011 U.S. Dist. LEXIS 15930,
at *9; Rubio, 2010 U.S. Dist. LEXIS, at **5–6.  Moreover, the sufficiency
of the notice is amplified by looking to facts indisputably known to Cypress
through the course of its investigation and payment of Hernandez’s claim.  See
Williams, 705 S.W.2d at 191-93.  Cypress could not have been uncertain or
in doubt as to Hernandez’s “specific complaint” and the amount of actual
damages and expenses sought.  See Tex.
Ins. Code Ann. § 541.154(b)(1), (b)(2).  

C.  Conclusion

            Because
the provision of presuit notice was not rendered “impracticable” by the
impending expiration of the limitations period, Hernandez was required to
provide Cypress with presuit notice.  The notice provided by Hernandez on June
29, 2010, met the threshold requirements established by the Texas Insurance Code. 
See id.; Richardson, 257 S.W.3d at 788; Williams, 705 S.W.2d at 191-93;
see also Perez, 2011 U.S. Dist. 22951, at *15–16; Lewis, 2011 U. S.
Dist. LEXIS 22948, at *16–17; Cortez, 2011 U.S. Dist. 22327, at **5–6; Gardner,
2011 U.S. Dist. LEXIS 15930, at *9; Rubio, 2010 U.S. Dist. LEXIS, at
**5–6.  Because more than sixty days had passed after notice was given, the
trial court was not required to formally abate the litigation.  Accordingly, we
conclude the trial court did not abuse its discretion in refusing to abate the
underlying litigation.  We overrule Cypress’s first issue.

V.  Examination Under Oath

In its second issue, Cypress
contends that mandamus relief is warranted because Hernandez’s failure to
submit to an examination under oath pursuant to the negotiated terms of the
insurance policy deprives Cypress of its contractual rights without an adequate
remedy by appeal.  Although Cypress did not request that Hernandez provide an
examination under oath during its investigation of his claim, it did request that
Hernandez submit to an examination under oath by letters sent on July 13, 2010,
and August 2, 2010.  These letters were sent after suit had been filed but
before Cypress filed its answer.  Hernandez, in contrast, contends that Cypress
is not entitled to an examination under oath because it did not request one
prior to making its claims decision and “[n]o case in Texas has ever held that
an insurer is entitled to abatement after suit has been filed and after the
insurer had already made a claims decision without requesting an examination
under oath.”  Hernandez also asserts that Cypress has the right to examine
Hernandez by way of deposition in the pending civil suit. 

            Insurance
policy provisions requiring an insured to submit to an examination under oath
as a condition precedent to sustaining a suit on the policy are valid.  See
Philadelphia Underwriters’ Agency of Fire Ins. Ass’n v. Driggers, 111 Tex.
392, 238 S.W. 633, 635 (Tex. 1922); Trahan v. Fire Ins. Exch., 179
S.W.3d 669, 673–674 (Tex. App.—Beaumont 2005, no pet.); Lidawi v.
Progressive County Mut. Ins. Co., 112 S.W.3d 725, 734 n.5 (Tex. App.—Houston
[14th Dist.] 2003, no pet.); Perrotta v. Farmers Ins. Exch., 47 S.W.3d
569, 573–74 (Tex. App.—Houston [1st Dist.] 2001, no pet.); State Farm Gen.
Ins. Co. v. Lawlis, 773 S.W.2d 948, 949 (Tex. App.—Beaumont 1989, no writ)
(per curiam); see also Rossco Holdings, Inc. v. Lexington Ins. Co., No. H-09-cv-04047
2011, U.S. Dist. LEXIS 39011, at **11–12 (S.D. Tex. Apr. 11, 2011).  Where an
insured fails to comply with a condition precedent requiring the insured to
submit to an examination under oath, the remedy is abatement of the case.  See
Driggers, 238 S.W. at 635; In re Foremost County Mut. Ins. Co., 172
S.W.3d at 135; Lidawi, 112 S.W.3d at 735; see also In re Slavonic
Mut. Fire Ins. Ass’n, 308 S.W.3d 556, 565 (Tex. App.—Houston [14th Dist.]
2010, orig. proceeding) (abating a lawsuit where the insured failed to comply
with appraisal requirements of policy as a condition precedent to suit).  

The conditions under which an
insurance company may conduct an examination under oath are governed by the
insurance contract.  Trahan., 179 S.W.3d at 673–74; Lawlis, 773
S.W.2d at 949.  The principles courts use when interpreting an insurance policy
are well established.  Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd’s
London, 327 S.W.3d 118, 126 (Tex. 2010).  Those principles include
construing the policy according to general rules of contract construction to
ascertain the parties’ intent.  Id.  We examine the language of the
policy because we presume parties intend what the words of their contract say,
and we review the entire agreement and seek to harmonize and give effect to all
provisions so that none will be meaningless.  Id.  Courts strive to
honor the parties’ agreement and not remake their contract by reading
additional provisions into it.  Id.; see Nat’l Union Fire Ins. Co. of
Pittsburg, PA v. Crocker, 246 S.W.3d 603, 606 (Tex. 2008). 

The insurance policy at issue
provides, under a subheading entitled “Duties After Loss”:

a.         Your
Duties After Loss.  In case of a loss to covered property caused by a peril
insured against, you must:

 

            (1)       give
prompt written notice to us of the facts relating to the claim.

 

            (2)       notify
the police in case of loss by theft.

 

            (3)       (a)       protect
the property from further damage.

 

                        (b)       make
reasonable and necessary repairs to protect the property.

 

                        (c)        keep
an accurate record of repair expenses.

 

            (4)       furnish
a complete inventory of damaged personal property showing the quantity,
description and amount of loss.  Attach all bills, receipts and related
documents which you have that justify the figures in the inventory.

 

            (5)       as
often as we reasonably require:

 

                        (a)       provide
us access to the damaged property.

 

                        (b)       provide
us with pertinent records and documents we request and permit us to make
copies.

 

                        (c)        submit
to an examination under oath and sign and swear to it.

 

            (6)       send
to us, if we request, your signed sworn proof of loss. . .

 

b.         Our
Duties After Loss.  

 

            (1)       Within
15 days after we receive your written notice of claim, we must:

 

                        (a)
      acknowledge receipt of the claim.            

 

If our acknowledgement
of the claim is not in writing, we will keep a record of the date, method and
content of our acknowledgement.

 

                        (b)       begin
any investigation of the claim.

 

                        (c)        specify
the information you must provide in accordance with “Your Duties After Loss”
(item 3.a above).

 

We may request more
information, if during the investigation of the claim such additional
information is necessary.

 

            (2)       After
we receive the information we request, we must notify you in writing whether
the claim will be paid or has been denied or whether more information is
needed:

 

                        (a)       within
15 business days; or

 

                        (b)
      within 30 days if we have reason to believe the loss resulted from arson.

 

            (3)       If
we do not approve payment of your claim or require more time for processing
your claim, we must:

 

                        (a)
give the reasons for denying your claim, or 

 

                        (b)
give the reasons we require more time to process your claim.  But we must
either approve or deny your claim within 45 days after requesting more time.

 

The policy also provides, under the heading “Suit Against Us,”
that “[n]o suit or action can be brought unless the policy provisions have been
complied with.”  

In Foremost Mutual Insurance Company, the Beaumont Court
of Appeals granted mandamus relief where the trial court denied the insurer’s
motion to abate due to the insured’s failure to submit to an examination under
oath.  See 172 S.W.3d at 130.  The insured had refused to cooperate with
the insurer’s requests for an examination under oath during the investigation
of the claim.  Id. at 131.  After the insured declined to cooperate, the
insurer ultimately denied coverage, and the insured filed suit.  Id. 
The insurer sought an abatement of the underlying suit to obtain the
examination.  Id.  After the trial court denied the company’s plea in
abatement, the company petitioned for a writ of mandamus.  Id. 
Reasoning that the insurer’s contractual right to obtain an examination under
oath is “a right long recognized in Texas,” the court concluded that enforcing such
clauses allows an insurer to conduct a more thorough investigation before it
must make a determination on accepting or rejecting a claim.  Id.  The
court conditionally granted mandamus relief to require the examination under
oath to “spare private parties and the public the time and money utterly wasted
enduring eventual reversal of improperly conducted proceedings.”  Id.
(quoting In re Prudential, 148 S.W.3d at 136).

In this case, Cypress concluded its investigation and paid
Hernandez’s claim, and Hernandez filed suit against Cypress before Cypress
requested that Hernandez submit to an examination under oath.  The insurance
policy requires that Hernandez “must,” as often as Cypress “reasonably
require[s],” “submit to examination under oath and sign and swear to it.” 
However, based on the plain language of the contract, the insured’s duties
under the contract exist during the investigation of the claim, and nothing in
the contract suggests that these duties continue after disposition of a claim. 


We conclude the trial court did not err in refusing to abate
the underlying action to allow Cypress to take an examination under oath where
the claim had been investigated and paid, and the request for an examination was
made after litigation had been filed.  See PJC Brothers, LLC v. S&S
Claims Serv., Inc., 267 F.R.D. 199, 201–02 (S. D. Tex. 2010) (denying a
motion to abate based on the failure of an insured to submit to an examination
under oath where the insurer requested the examination after the inception of
suit).  Requiring the suit to be abated under these circumstances would
frustrate an objective of our legal system to resolve lawsuits with “great
expedition and dispatch and at the least expense” to the litigants.  See
Tex. R. Civ. P. 1; Henry
Schein v. Stromboe, 102 S.W.3d 675, 693 (Tex. 2002).  Cypress’s remedy is
to take Hernandez’s deposition as provided by the Texas Rules of Civil Procedure. 
See Tex. R. Civ. P. 192.1
(delineating the permissible forms of discovery); R. 199 (providing for
depositions on oral examination).  Cypress has not provided this Court or the
trial court with any explanation regarding why such a deposition would not be
equally sufficient as an examination under oath to enable it to obtain the
material facts to allow it to decide on its obligations or to protect against
any false claims.  See Clafin v. Commonwealth Ins. Co., 110 U.S. 81, 94–95
(1884) (discussing the purpose of clauses requiring examinations under oath). 
Accordingly, we conclude that the trial court did not abuse its discretion in
refusing to abate the underlying action for purposes of requiring Hernandez to
submit to an examination under oath.  We overrule Cypress’s second issue.

VI.  Conclusion

 

The Court, having examined and
fully considered the petition for writ of mandamus, the response, and the
reply, is of the opinion that Cypress has not shown itself entitled to the
relief sought.  The trial court did not abuse its discretion in refusing to
abate the underlying litigation.  Accordingly, the petition for writ of
mandamus is DENIED.  See Tex. R.
App. P. 52.8(a).  

 

                                                                                                                                    

                                                                                    GREGORY
T. PERKES

                                                                                    JUSTICE

 

Delivered and filed this

15th day of August, 2011.

                                                

 









[1] See Tex.
R. App. P. 52.8(d) (“When denying relief, the court may hand down an
opinion but is not required to do so.”); Tex.
R. App. P. 47.4 (distinguishing opinions and memorandum opinions).

 





[2]
This original proceeding arises from trial court cause number C-1938-10-E, styled
Jose L. Hernandez v. Cypress Texas Lloyds, Crawford & Company, and
Amanda M. Montoya, currently pending in the 275th District Court of Hidalgo
County, Texas.  The respondent is the Honorable Juan Partida. 

 





[3]
We are likewise denying two separate original proceedings filed by Cypress
which raise identical legal issues and which are based on substantially similar
facts.  See In re Cypress Tex. Lloyds, No. 13-11-00070-CV, 2011 Tex.
App. LEXIS ___ (Tex. App.—Corpus Christi [date], orig. proceeding), available
at http://www.13thcoa.courts.state.tx.us/opinions/docketsrch.asp; In re
Cypress Tex. Lloyds, No. 13-11-00248-CV, 2011 Tex. App. LEXIS ___ (Tex.
App.—Corpus Christi [date], orig. proceeding) (mem. op.), available at
http://www.13thcoa.courts.state.tx.us/opinions/docketsrch.asp.





[4]
Both the Texas Insurance Code and the Texas Deceptive Trade Practices Act
require a plaintiff to give sixty days’ notice to a defendant before filing
suit.  See Tex. Ins. Code Ann.
§ 541.154(a) (West 2009); Tex. Bus.
& Com. Code Ann. § 17.505(a) (West 2011).  The purpose of the
requirement is the same under both statutes.  Cleo Bustamante Enters., Inc.
v. Lumbermens Mut. Cas. Co., No. Civ. A. SA-05-CA0433, 2005 U.S. Dist.
LEXIS 13494, at *3 (W. D. Tex. June 30, 2005) (citing Hines v. Hash, 843
S.W.2d 464, 469 (Tex. 1992)).  If a person against whom an action under these
statutes is brought does not receive the required pre-filing notice, he or she
may file a plea in abatement no later than thirty days after the date he or she
files an original answer in the court in which the action is pending.  See Tex. Ins. Code Ann. § 541.155(a) (West
2009); Tex. Bus. & Com. Code Ann.
§ 17.505(c) (West 2011).  A court must abate the action if it finds that the
claimant did not provide the required pre-filing notice.  See Tex. Ins. Code Ann. § 541.155(b); Tex. Bus. & Com. Code Ann. §
17.505(d). The abatement will run until the sixtieth day after the date the
claimant properly provides the pre-filing notice.  See Tex. Ins. Code Ann. § 541.155(d) (West
2009); Tex. Bus. & Com. Code Ann.
§ 17.505(e) (West 2011). Cases involving the DTPA notice provision, which
requires the notice to advise the person “in reasonable detail of the
consumer’s specific complaint,” are instructive on whether the requirements of
the Texas Insurance Code notice provision have been met.  See Dosekun v.
State Farm Lloyds, No. H-10-4238, 2011 U.S. Dist. LEXIS 67173, at **5–7 n.1
(S.D. Tex. June 23, 2011).





[5]
In accordance with Texas cases construing the presuit notice requirement in the
DTPA, the overwhelming majority of cases construing the presuit notice
requirement in the Texas Insurance Code hold that a presuit letter sent after
the deadline, or even after suit has been filed, is sufficient to trigger the
abatement period.  See, e.g., Encompass Office Solutions, Inc. v. Ingenix,
Inc., No. 4:10-cv-00096, 2011 U.S. Dist. LEXIS 37916, at *46 (E. D. Tex.
Mar. 31, 2011); Perez v. Nationwide Prop. & Cas. Ins. Co., No.
H-10-5224, 2011 U.S. Dist. LEXIS 22951, at *17 (S.D. Tex. Mar. 8, 2011); Lewis
v. Nationwide Prop. & Cas. Ins. Co., No. H-10-4950, 2011 U. S. Dist.
LEXIS 22948, at *16-17 (S. D. Tex. Mar. 8, 2011); Carreon v. Allstate Tex.
Lloyds, No. G-11-027, 2011 U. S. Dist. LEXIS 14831, at *2 (S. D. Tex. Feb.
15, 2011); Ross v. Nationwide Ins. Co., No. H-10-4076, 2011 U. S. Dist.
LEXIS 69, at *8 (S. D. Tex. Jan. 3, 2011); Rubio v. Allstate Tex. Lloyd’s,
No. H-10-3058, 2010 U.S. Dist. LEXIS, at **5–6 (S. D. Tex. Dec. 16, 2010).  Under
such circumstances, some courts have denied the motions to abate as moot where
late notice was sent but more than sixty days had passed.  Chinese Civil
Ctr. v. Catlin Specialty Ins. Co., No. H-10-4098, 2011 U. S. Dist. LEXIS
50334, at **5-6 (S. D. Tex. May 11, 2011); Lopez v. Allstate Tex. Lloyd’s,
No. H-10-4685, 2011 U. S. Dist. LEXIS 17540, at *7 (S. D. Tex. Feb. 23, 2011). 
In contrast, a small minority of courts appear to hold that a demand letter
sent after the statutory deadline cannot serve as notice because it is not sent
within the statutory period of time.  See, e.g., Little v. Allstate Tex.
Lloyd’s, No. 4:10-cv-00939, 2010 U. S. Dist. LEXIS 64412, at *5 (S. D. Tex.
June 29, 2010); Nichols v Nationwide Property & Cas. Ins. Co., No.
H-10-0824, 2010 U.S. Dist. LEXIS 38914, at *6 (S. D. Tex. Apr. 20, 2010); Boone
v. Safeco Ins. Co. of Ind., No. H-09-1613, 2009 U. S. Dist. LEXIS 86646, at
**6-7 (S. D. Tex. Sept. 22, 2009).





[6]
Cypress asserts that Anderson’s affidavit, and other materials furnished in
Hernandez’s supplemental mandamus record, were not presented to the trial court
for its consideration.  We will not consider Anderson’s affidavit or any other
materials that were not submitted to the trial court.  See In re Nabors,
276 S.W.3d 190, 194 n.5 (Tex. App.—Houston [14th Dist.] 2009, orig.
proceeding); cf. Nguyen v. Intertex, Inc., 93 S.W.3d 288, 293 (Tex.
App.—Houston [14th Dist.] 2002, no pet.) (“The attachment of documents as
exhibits or appendices to briefs is not formal inclusion in the record on
appeal and, therefore, the documents cannot be considered.”); see also In re
Sierra Title of Hidalgo Co., Nos. 13-10-055-CV & 13-10-099-CV, 2010
Tex. App. LEXIS 1982, at **1-2 (Tex. App.—Corpus Christi Mar. 18, 2010, orig.
proceeding) (mem. op.).